# Holden *v.* Rison & Co.

*Bill in Equity for Redemption, by Judgment Creditors.*

1. *Decree in chancery for sale of lands, "subject to mortgages."*—In a suit by judgment creditors of the husband, seeking to set aside as fraudulent a conveyance of lands to the wife, and to subject the land by sale to the satisfaction of their judgments; subsequent mortgagees of the husband and wife having intervened, asserting their rights, and claiming protection as purchasers for valuable consideration without notice; *held*, that a decree in favor of the complainants, ordering the lands to be sold "subject to the said mortgages," was a recognition and determination of the validity of the mortgages, and estopped the complainants from assailing their validity, in a subsequent suit seeking to redeem from the purchasers at the sale under the decree, who afterwards succeeded by purchase to the rights of the mortgagees.

2. *Redemption of real estate; what are "lawful charges;" sale under power in mortgage.*—If, in such case, the mortgages had not been foreclosed, at the time the decree ordering the sale was rendered, by a sale under the powers therein contained, their validity being thus recognized by the decree, they constituted a "lawful charge" on the property, which the judgment creditors, seeking to redeem, were required to pay or tender; and if they had been thus foreclosed, whereby the equity of redemption was cut off, and only a statutory right of redemption remained in the mortgagor, the purchasers at the sale under the decree acquired nothing which could be redeemed by a judgment creditor.

3. *Bill for redemption under mortgage; who may file.*—No person can come into a court of equity for a redemption of a mortgage, but one who is entitled to the legal estate of the mortgagor, or claims a subsisting in-

[Holden v. Rison & Co.]

terest under him; and where the husband, as trustee, joins with his wife in a mortgage of her lands, an assignee or purchaser from him can not maintain a bill to redeem.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 31st January, 1884, by W. M. Holden and others, as judgment creditors of Joseph C. Bradley, against the partners composing the firm of William R. Rison & Co., a partnership doing business in Huntsville; and sought to redeem a tract of land, which the defendants had purchased at a sale made by the register in chancery, on the 5th November, 1883, under a decree rendered by the Chancery Court, in a suit therein then pending. wherein these complainants and others were plaintiffs, and said J. C. Bradley and wife, with others, were defendants. The chancellor dismissed the bill, on demurrer, on the ground that its allegations, with the exhibits, showed that the defendants held under Mrs. Isabella Bradley, the wife of said Joseph C. Bradley, and that he had no such interest in the land as authorized his judgment creditors to redeem. The complainants appeal, and assign this decree as error. The opinion states the material facts.

WATTS & SON, JNO. D. BRANDON, and D. D. SHELBY, for appellants.

HUMES, GORDON & SHEFFEY, and F. P. WARD, contra.

SOMERVILLE, J.—The bill is filed by certain judgment creditors of Joseph C. Bradley, to redeem a tract of land, or the interest of said Bradley therein, which had been sold under a decree of the Chancery Court, within less than two years before the filing of the bill. The legal title of this land had been vested in Mrs. Bradley, the wife of the debtor, by purchase at a Register's sale. Upon a bill filed by the appellants, and also upon similar bills filed by other creditors of Joseph C. Bradley, this purchase was adjudged to be fraudulent, and the land was condemned to be sold as Bradley's property; and it was sold in accordance with the decree of the Chancery Court. It was purchased by the defendants, William R. Rison & Co., subject, however, to two mortgages, executed by Bradley and wife to Fordyce & Rison; one of which was executed in July, 1872, and the other in April, 1874. The main difficulties of this case arise from the questions touching the title acquired under these mortgages, to which the defendants, Rison & Co., have succeeded by purchase from the mortgagees.

The complainants, in their offer to redeem, recognize the

[Holden v. Rison & Co.]

validity of the mortgage of April, 1874, which was executed after Mrs. Bradley was relieved of her disabilities of coverture, by special legislative enactment, so as to authorize her to make such a conveyance. They offer, therefore, to pay the amount of this incumbrance, as a "lawful charge" upon the property, within the meaning of our statutes relating to the subject of redemption. But they impugn the legal liability of the mortgage of July, 1872, upon the ground that it was a mortgage executed by a married woman, upon her statutory separate estate, while laboring under the disabilities of coverture. They insist that, for this reason, it was void; and no offer is made in the bill to pay it. The tender for redemption, in other particulars, is conceded to conform to the requirements of the statute.—Code, 1876, §§ 2877 et seq.

There are many forcible reasons in support of the view taken by appellee's counsel, that, in a case like the present, where real estate has been subjected to sale as the property of a fraudulent grantor, the right to redeem the property belongs to the grantee, and to his judgment creditors, rather than to the grantor and like creditors of his. But we do not propose to enter upon the discussion of this point, or to intimate any opinion in reference to it, as the case can, in our view, be better decided upon other grounds. It is sufficient to consider the title acquired by defendants under the two mortgages executed by Bradley and wife, to which we have above adverted.

These mortgages, in our opinion, are to be taken as conclusively binding on the appellants, by reason of the decree of the Chancery Court rendered in September, 1880, which was afterwards affirmed on appeal to this court. They were parties to the cause, their purpose being to subject to sale the interest which Joseph C. Bradley had in these lands, if any. The mortgagees, Fordyce & Rison, were also parties to this suit, having intervened for the sole purpose of asserting and protecting the title acquired under these conveyances. The pleadings show that the validity of these mortgages was one of the questions fairly coming within the issues to be tried by the chancellor; and that it was not only necessarily involved in the matter adjudicated, which would be sufficient without more, but that it was actually decided, if we do not too narrowly construe the langugage of the chancellor's decree. This decree adjudges, that the land in controversy "be sold subject to two mortgages executed by said Bradley and wife, one on the third day of July, 1872, and the other on the fourteenth day of April, 1874, to secure debts therein described, to Fordyce & Rison." In that cause, it was competent for the appellants to assail the validity of these mortgages as legal incumbrances upon the land, on any ground they desired. This right they

waived, and the court pronounced them to be valid, by declaring that the property prayed to be sold should be sold "subject" to them—which must be construed to mean, subject to the title conveyed by them as valid and binding conveyances. The appellants having failed to successfully assail this decree by appeal, they can not now do so collaterally in another suit. The case presents a clear instance of estoppel by judgment, being *res adjudicata.*—*McDonald v. Mobile Life Ins. Co.*, 65 Ala. 358.

The validity of the mortgages being assumed, it does not affect the result of this case, whether they had been foreclosed under power of sale, when the decree of September, 1880, was rendered, or not. If no foreclosure had taken place, they constituted such incumbrances upon the premises as to come within the signification of "lawful charges," as this phrase is used in the statute.—Code, 1876, §§ 2879, 2881. In construing this statute, in *Grigg v. Banks*, 59 Ala. 311-317, the following language was used : "The word *charge* is of very large signification, and in the statute its proper signification is, every lien, or incumbrance, or claim the purchaser may have upon the premises, and for which, at law or in equity, he would be entitled to hold the lands as security, or to the satisfaction of which a court of equity would condemn them." *Parmer v. Parmer*, 74 Ala. 285 ; *Cramer v. Watson*, 73 Ala. 127. We need not decide that an incumbrance, put upon lands by a stranger or outsider, is, or can be regarded, as a lawful charge within the meaning of this statute. This is not a case of that kind. The mortgage in question, it is true, is primarily the act of Mrs. Bradley ; yet it is executed by the consent of her husband, the judgment debtor, who unites with her in making it—whether strictly as a grantor, or for the purpose of giving legal validity to the instrument by evincing his written consent, it does not seem to us to be material. Mr. Bradley was privy to its execution, and the Chancery Court has by its decree, to which the appellants were parties, declared it a lawful incumbrance upon the premises, to the satisfaction of which these lands could be condemned. The mortgagees were purchasers from a fraudulent vendee, but they were *bona fide* purchasers, without notice of the fraud ; and it was only on this principle that the validity of their mortgages could have been sustained.—*Allen v. Maury & Co.*, 66 Ala. 10 ; *Thames v. Rembert*, 63 Ala. 561.

If it be insisted that the mortgagees had foreclosed their two mortgages, at the time of the rendition of the decree of the Chancery Court in September, 1880, the legal effect of the transaction is not varied, so far as to militate against the conclusion which we have reached. The effect of such foreclosure, even by a sale of the premises under a power of sale

[Wagnon v. Keenan.]

conferred in the mortgages, would be to cut off and bar the equity of redemption, and reduce it to a mere statutory right of redemption after the lapse of two years, at least in ordinary cases.—*Comer v. Sheehan*, 74 Ala. 452. This would leave in Joseph C. Bradley no interest which was the subject of sale under execution or decree of the Chancery Court, such statutory right of redemption not being property, but a mere privilege.—*Childress v. Monette*, 54 Ala. 317. In this aspect of the case, the defendants having purchased no interest in the lands at the Register's sale made in November, 1883, because Bradley, the judgment debtor, had none, there is nothing for appellants to redeem.

It is true that the inference may be drawn from the record, that the mortgagees purchased at their own sale, which they made under the power, and that such sale may be disaffirmed at the election of the mortgagor, or those claiming under him, on complaint seasonably expressed in a court of equity. But the rule is settled, that " no person can come into a court of equity for a redemption of a mortgage, but he who is entitled to the legal estate of the mortgagor, or claims a subsisting interest under him."—*Rapier v. Gulf City Paper Co.*, 64 Ala. 330 ; 2 Jones Mortg. § 1055. The mortgagor here is Mrs. Bradley, in whom was the legal title of the mortgaged property, and the conveyance itself imports that she is the owner, and that her husband unites with her rather as husband and trustee than strictly as a grantor. The complainants neither aver nor prove any privity of title from her, and hence they can not claim any right or favor under the operation of this principle.

These views are conclusive of the case, and it is needless therefore to consider other questions presented in argument. The decree of the chancellor dismissing the bill is, in our opinion, free from error, and must be affirmed.