# Fouche *v.* Swain.

*Bill in Equity by Junior Mortgagee for Sale of Lands and Cancellation of Prior Incumbrances thereon.*

1. *Bill to redeem by junior against senior mortgagee.*—A bill to redeem, filed by a junior against a senior mortgagee, is a recognition of the validity of the older mortgage, and must offer to pay the amount due on it.

2. *Mortgage filed in office of probate judge; when operative as record.* When a mortgage is filed for record in the office of the probate judge, it is " operative as a record from the day of the delivery to the judge " (Code, § 2149), and not from its subsequent registration.

3. *Compromise of suit to foreclose mortgage; effect of.*—A suit to foreclose a mortgage being compromised by agreement of the parties, and an absolute deed executed to the mortgagee, although this can not affect the rights or equities of a junior mortgagee, it does not impair the lien or equitable rights of the senior mortgagee.

APPEAL from Talladega Chancery Court.

Heard before Hon. N. S. GRAHAM.

This was a bill in equity exhibited on 9th November, 1881, by Robert T. Fouche against Ebenezer J. Swain and others, its allegations presenting substantially the following case: Prior to the 14th day of January, 1869, the respondent, Swain, had purchased various tracts or parcels of land in said county with moneys belonging to the statutory separate estate of his wife, Margaret W. Swain, taking the titles in his own name. On said 14th January, 1869, the entire realty thus acquired was sold and conveyed by Swain and his wife to John T. Prior, a resident of Polk county, Georgia, for the consideration of $8,600, of which amount $2,000 were paid in cash on the 20th day of said month, when the conveyance was proved and recorded. To secure the deferred payments the said Prior executed, contemporaneously with the conveyance to himself, a deed of trust in favor of Mrs. Swain, to her husband, the said E. J. Swain, as her trustee, on all the lands embraced in their deed to him. On the 26th day of April, 1869, the execution of the deed of trust was duly proven by one of the attesting witnesses thereto, and on the same day the instrument was filed for record in the office of the probate judge. It was not, however, actually recorded until the 12th of the ensuing August. In the period that intervened between the filing for record of the deed of trust and its actual registration, the said Prior, being indebted to W. S. Cothran, Son & Co., a banking house in

[Fouche v. Swain.]

Rome, Georgia, in the sum of $8,200, executed on 12th May, 1869, a deed of trust on all the lands in question, to secure his said indebtedness—the conveyance being made to H. D. Cothran, as trustee, and recorded on the day of its execution. The bill avers that the said W. S. Cothran, Son & Co. had no notice of the prior encumbrance of said E. J. Swain, as trustee, for his wife, although the records of said county had been carefully examined in the early part of the month of May, 1869. The bill further avers the transfer to the complainant, Robert T. Fouche, for a stated consideration, of the deed of trust executed by Prior to W. S. Cothran, Son & Co., as aforesaid; and the complainant files the present bill as the successor to all the interest of said Cothran, Son & Co. in the lands embraced in said deed of trust.

The bill specifically describes divers conveyances of different parcels of the lands in question, supposed to constitute clouds upon claimant's asserted title thereto. Among these are, the deed of trust, dated January 14, 1869, given by Prior to Ebenezer J. Swain, to secure to Mrs. Swain the unpaid balance of the purchase-money for said lands; and the deed from Prior to Mrs. Swain, dated October 7th, 1872. This latter deed resulted from the compromise of the foreclosure proceedings instituted by Mrs. Swain, and is sufficiently noticed in the opinion. The bill prays that said lands be sold to satisfy the unpaid balance of the indebtedness secured by complainant's deed of trust; that the right of John T. Prior to redeem the lands be foreclosed; and, " to the end that said lands may sell for their full and true value" that the various conveyances above noted (and others) be declared to be " void and of no effect " as against complainant's said deed of trust.

The action of the court in sustaining demurrers to the bill, interposed by Swain and wife, is here assigned as error.

PARSONS & PARSONS, for appellant.

HEFLIN, BOWDEN &` KNOX, contra.

SOMERVILLE, J.—The interest which the complainant claims to the lands in controversy is derived through a junior mortgage executed on May 12, 1869, by one Prior to one Cothran, as trustee, of the debt secured by which the complainant is the transferee.

In whatever aspect we regard the bill—whether as one brought by a junior mortgagee to redeem, or to sweep away other incumbrances claimed to be invalid, and to foreclose the complainant's mortgage—it is equally lacking in equity.

If the purpose be redemption, this is a recognition of the

[Fouche v. Swain.]

validity of the prior mortgage, and it would be necessary to offer in the bill to pay the amount due on such superior incumbrance, and, in the absence of such an offer, the bill would be wanting in equity.—*Rison & Co. v. Holden*, 77 Ala. 515; *Cramer v. Watson*, 73 Ala. 127.

The bill, however, contains no such offer and plainly has no such purpose as redemption in view. On the contrary, it attacks the validity and priority of the title acquired by the appellee, Mrs. Swain, through a mortgage, or trust deed executed for her benefit by Prior on January 14, 1869.

Under the facts stated in the bill, the truth of which is admitted by the demurrer of appellees, the complainant's title was subordinate and inferior to that of Mrs. Swain. This is made manifest from the statement of two very plain propositions.

In the first place, the trust deed executed by Prior for Mrs. Swain's benefit was given to secure a part of the unpaid purchase money on the land in controversy, and being signed and delivered on January 14, 1869, was prior, in point of time, to complainant's mortgage by nearly four months. True it was not recorded until after the execution and registration of the trust deed under which complainant claims, but it was delivered to the probate judge, or, as commonly expressed, was filed for record, on April 26, 1869, or more than two weeks before the making and recording of complainant's mortgage. Under the statute every conveyance of this kind is "operative as a record from the day of the delivery to the judge," and such delivery, therefore, places the legal and equitable rights of the mortgagee precisely on the same basis as if his mortgage were fully and accurately recorded, without even a mistake.—Code, 1876, § 2149; *Mims v. Mims*, 35 Ala. 23.

The title of Mrs. Swain being thus superior to complainant's, we can see nothing in the facts of the case by which this priority has been lost or forfeited. It is shown that in January, 1870, a bill was filed by Mrs. Swain to foreclose her trust deed against Prior. This suit, however, was compromised, and, pursuant to the terms of settlement between the litigants, Prior and wife conveyed the mortgaged lands—or more properly speaking, their interest in them—to Mrs. Swain by deed bearing date October 7, 1872. It may be conceded this deed did not affect the rights of complainant, as acquired by the transfer to him of the Cothran trust deed, because Prior could convey no better title than what he owned. No more did it affect the prior mortgage and superior title of Mrs. Swain. It may have satisfied it as between her and Prior, just as the successful prosecution of the foreclosure suit would have done. But as to any junior incumbrancer, her superior equity would

[Allen v. Allen.]

still be preserved in its full force and vitality. There would be but a poor show of logic in holding that this strengthening of her title by Mrs Swain, has, after all, but served to weaken it. It is common practice for courts of chancery to keep alive equitable liens and incumbrances as against strangers or third parties. Equity could often be but badly administered without it.

There are other grounds, perhaps, upon which the correctness of the chancellor's rulings could be sustained, but we desist from considering them. The demurrer to the bill was properly sustained, and the decree is affirmed.