# Owen *v.* Kilpatrick.

*Bill in Equity by Mortgagee to Redeem after Sale of Mort-gaged Lands.*

1. *Statutory right of redemption by mortgagee.*—The statutory right of redemption does not exist in favor of a mortgagee of the debtor as against one who himself acquired the land by the exercise of the right of redemption under the statute, the right to redeem from such person being conferred by the statute (Code, § 1885) only upon judgment creditors.

2. *Mortgage pendente lite.*—Where a mortgage was executed while a bill for the enforcement of a vendor's lien on the same land was pending, the decree in that case was as binding on the interest of the mortgagee as if he had been made a party to the suit.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed December 17, 1891, by the appellants, James Owen and William Owen, against Frank J. Kilpatrick, The First National Bank of South Pittsburg, a corporation, and Richard L. Watkins; and sought to redeem a house and lot in the town of Bridgeport, Alabama. The facts as shown by the bill are as follows: Said Kilpatrick purchased said house and lot from W. K. Spiller on

September 26, 1889, and received a deed from him, but, a part of the purchase-money not having been paid, said Spiller filed a bill in the Chancery Court to enforce his vendor's lien; on April 1, 1890, a decree was rendered in that suit in favor of said Spiller, and on June 5, 1890, the land was sold under said decree, at which sale Ross & Coffey became the purchasers. On March 31, 1890 (the day before the decree was rendered in the suit to enforce the vendor's lien), Kilpatrick and his wife executed to the complainants a mortgage on the same property to secure a debt of $4,100. The complainants were not made parties to the suit to enforce the vendor's lien. On September 9, 1891, said Richard L. Watkins obtained a judgment by default in the Circuit Court of Jackson county against said Frank J. Kilpatrick, and on October 1, 1891, as such judgment creditor, redeemed the land from Ross & Coffey. On September 26, 1889, Kilpatrick executed a mortgage on the same property to secure a debt to the First National Bank of South Pittsburg; but the bill alleges that the debt secured by this mortgage has been paid, though said bank claims that a portion of said debt is still unpaid. The complainants seek to redeem the land in question from said Watkins. The defendant Watkins demurred to the bill, assigning, among others, the following grounds of demurrer: "3. The allegations of the bill show that the mortgage under which the complainants seek to redeem was executed during the pendency of the foreclosure suit of W. K. Spiller; wherefore, the decree of foreclosure was effectual to cut off complainants' right of redemption, notwithstanding they were not made parties to such foreclosure suit;" "4. It appears from the allegations of the bill that the complainants are incumbrancers *pendente lite*, and are therefore bound by the decree of foreclosure through which this defendant claims title as a redeeming judgment creditor;" "5. It appears from the bill that W. K. Spiller was the holder of a vendor's lien on the premises for unpaid purchase-money due from Frank J. Kilpatrick; that said Spiller filed his bill to foreclose said lien, and that, during the pendency of such action, complainants' mortgage was executed, to-wit, on the 31st day of March, 1890; that on the following day, April, 1890, the final decree was rendered, foreclosing said vendor's lien; that W. A. Coffey and R. C. Ross became the purchasers at a sale under said decree; that this defendant, a judgment creditor, redeemed from them, under the statute, in such cases. Upon such facts, complainants are not entitled to redeem from this defendant;" "6. The bill shows that this defendant is a redeem-

[Owen v. Kilpatrick.]

ing judgment creditor, and the complainants seek to redeem from him as mortgagees; whereas there is no provision of law for redemption in such cases;" "7. The statutes of Alabama make no provision for redemption by a mortgagee from a judgment creditor who has redeemed from the purchaser at a sale under a decree in chancery, as set forth in the bill." From a decree sustaining the demurrer to the bill, the complainants appeal, and now assign that decree as error.

J. E. BROWN, for appellants.

MARTIN & BOULDIN, contra.

WALKER, J.—Under the redemption statute as it stood prior to February 27, 1889, a mortgagee, vendee, or other assignee of the debtor had no right to redeem from any one after a sale of the land under execution, or by any of the other modes of sale specified, except in the single instance of a *child* of the debtor to whom he had conveyed the land. *Powers v. Andrews*, 84 Ala. 289; Code, § 1888. By the act approved on the day above mentioned the right of redemption, as an incident to the ownership of or title to the property to be redeemed, was extended to the debtor's vendee, and his junior mortgagee or assignee of the equity of redemption.—Acts of Ala. 1888-89, p. 764. The result of this statute is that the sacrifice of real estate for the payment of debts may be prevented, not only by the debtor himself, or by his child to whom he had conveyed, but also by certain other classes of persons who, by transfer or conveyance from the debtor, have succeeded to his position as owner. Under the provisions referred to, the right of the classes of persons therein mentioned, besides the debtor himself, to redeem, is made to rest upon the fact that there is vested in them, by operation of a transfer or conveyance from the debtor, a certain title or property interest in the land, absolute or conditional. The statute further confers the right to redeem upon other persons who occupy no relation of ownership to the property to be redeemed. All judgment creditors of the debtor, who, without fraud or collusion, had obtained such judgment before the sale of the land, or within two years thereafter, except by confession of the debtor, may redeem the land from the purchaser, or any one claiming under him.—Code, § 1883. The right to redeem which is conferred upon the class of persons mentioned in this section is made to depend, not upon any interest in the way

of ownership by them of the property to be redeemed, but upon the existence of the relation of judgment creditors and debtor between them and the person whose property has been sold. The classes of persons upon whom the statute as it now stands confers the right of redemption may be grouped into the following divisions: (1) The debtor himself, or his heirs or devisees, or personal representative; (2) The debtor's vendee, junior mortgagee or assignee of the equity of redemption, including a child to whom he had conveyed; and (3) The debtor's judgment creditors. Here, then, we have two distinct classes of persons, besides the debtor himself or those succeeding to his position in the event of his death, upon whom the statute confers the right to redeem. In the one class, the privilege is an incident to the ownership of the property by transfer or conveyance from the debtor; in the other class, the right depends upon the relation of judgment debtor and creditor, and not upon any title to or lien upon the property to be redeemed.

With a single exception, the right to redeem can be asserted only against the purchaser or his vendee, or, in case of death, against the executor or administrator of the purchaser or of his vendee.—Code, §§ 1879 and 1891. The exception is in favor of judgment creditors, who have the right to redeem from the purchaser, or any one claiming under him, and also from another creditor who has redeemed the land.—Code, §§ 1883, 1884, 1885. The only provision in the statute authorizing the right of redemption to be asserted against one who holds the land by virtue of a redemption by himself is in favor of one of the classes of persons upon whom the right to redeem is conferred. Section 1885 of the Code authorizes one creditor to redeem from another creditor by paying or tendering to the creditor in possession the amount he had to pay to obtain the land, with ten *per cent. per annum* thereon, and offering to credit the debtor as provided in the preceding section. The language of this provision, and the connection in which it is found, make it plain that the benefit of it is available only to judgment creditors. They are thereby authorized to redeem the land from another who has redeemed it from the purchaser or his vendee, or the personal representative of the purchaser or of his vendee. Nothing can be found in any section or clause of the redemption statute which can be construed as conferring upon any class of persons, except judgment creditors, the right to redeem from one who himself acquired the property by the exercise of the right of redemption under the statute. The language of section 1883 is such as to confer

[Owen v. Kilpatrick.]

upon judgment creditors the right to redeem from the classes of persons from whom, under section 1879 as amended, the debtor himself, or his vendee, junior mortgagee, or assignee of the equity of redemption could redeem. Under the last mentioned section, the redemption may be "from the purchaser, or his vendee;" under the other section, "from the purchaser, or any one claiming under him." The latter expression would include any one described by the former. It is plain that section 1883 is sufficient by itself to confer the right to redeem upon judgment creditors as fully as, under the preceding sections, it had been conferred upon any other class of persons. Section 1885 is a further extension of the right of redemption in favor of judgment creditors alone. This special provision was deemed necessary to confer upon judgment creditors the right to redeem from others who had exercised the right of redemption under the statute. The singling out of one of the classes of persons entitled to redeem from the purchaser or his vendee, or any one claiming under him, and specially conferring upon this class alone the further right of redeeming from a redemptioner, evidences a legislative intention not to confer this special right upon the other classes of persons who are omitted from the terms of the provision on this subject. The naming of one class only as authorized to exercise this special privilege necessarily implies that the privilege is not extended to the other classes not named. A person exercising the right of redemption under the statute is not properly described as a vendee of the person from whom he redeems. The redemption is not a sale, but the exercise of a special statutory privilege. Section 1878 as amended, in authorizing a redemption from "the purchaser or his vendee," does not authorize the exercise of the privilege as against one who himself acquired the land by the exercise of the right of redemption. The right to redeem from such person is conferred by section 1885 upon judgment creditors only. The result is that the statute makes an invidious distinction in favor of one of the classes of persons who are interested in preventing a sacrifice of the debtor's property. We are unable to appreciate the reason or policy of allowing such a preference. The law, however, must be enforced as it has been enacted. Only legislative action can put the other classes of persons mentioned in the statute upon an equal footing with judgment creditors in the matter of redeeming from a redemptioner.

In the present case a mortgagee of the debtor seeks to redeem from a judgment creditor who redeemed from the pur-

[Phillips v. Taylor.]

chaser at the sale under the chancery decree. The bill does not state a case in which the complainant is entitled to redeem under the statute. The person from whom redemption is sought is not within the statutory enumeration of those against whom the right of redemption can be asserted by a mortgagee of the debtor, as he was not the purchaser at the sale under the chancery decree, nor the vendee of such purchaser, nor the executor or administrator of the purchaser, or of his vendee.

As the mortgage to the complainant was executed while the bill for the enforcement of the vendor's lien on the same land was pending, the decree in that case was as binding on the interest of the mortgagee as if he had been made a party to the suit.—*Malone v. Marriott*, 64 Ala. 486. The decree and sale in that case barred all right of redemption in the mortgagee except such as the statute conferred. As he has no right under the statute to redeem from the present owner of the land, the 3rd, 4th, 5th, 6th, and 7th grounds of demurrer were well taken, and the decree sustaining the demurrer was without error.

Affirmed.