(85 South. 374)

## GIDLEY v. BELLENGER.   (7 Div. 9.)

(Supreme Court of Alabama.   April 8, 1920.)

**1. Lis pendens** ⚎24(2)—**Purchaser pending mortgage foreclosure bound by decree.**

Under principle of lis pendens, purchaser from mortgagor pending suit to foreclose is bound and concluded by the orders and decrees therein.

**2. Lis pendens** ⚎24(2)—**Decree in foreclosure not subject to collateral attack by purchaser pending suit.**

Purchaser from mortgagor of part of mortgaged land pending suit to foreclose the mortgage cannot in ejectment against him by the purchaser at foreclosure sale collaterally attack the sale under decree in the suit and its judicial confirmation for any inequitable conduct of the mortgagor affecting the foreclosure suit and

sale, but any remedy is by motion or petition in the chancery court, or by bill of review.

**3. Mortgages ⟨⟩214—Mortgagee after law day can maintain ejectment.**

The mortgagee having legal title can after the law day recover possession of the land from a third person, whether or not his foreclosure of the mortgage be regular and effective.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Statutory ejectment by W. C. Bellenger against Thomas Gidley. Judgment for plaintiff, and defendant appeals. Affirmed.

Both parties claim from a common source of title, Mrs. Elizabeth Gidley. Mrs. Gidley and her son, P. F. Gidley, mortgaged their separate property, including the 40 acres in this suit, in 1913, to one A. Bloch, who foreclosed same by bill in chancery October 8 1914; the decree of sale having been rendered in February, 1915. On April 15, 1915, Mrs. Gidley conveyed this tract to Thomas Gidley by warranty deed, and on May 10, 1915, she filed with the register in chancery her written consent that all the mortgaged property should be sold in bulk, waiving her right to have the property of P. F. Gidley sold first as was provided by the decree of sale. The sale was thus made on May 10, 1915, W. C. Bellenger becoming the purchaser and on June 19, 1915, the sale was confirmed. On May 10, 1915, Bellenger, who had purchased under an understanding with the two mortgagors that he should sell to them, executed his warranty deed to them for a consideration of $1,485, which was secured to him by their mortgage note and deed to this property contemporaneously executed to him. On May 3, 1917, Bellenger foreclosed this mortgage by a sale under the power and executed a deed to himself signed by himself as mortgagee. The court sitting without a jury rendered judgment for the plaintiff on this evidence, and these instruments of title.

Motley & Motley, of Gadsden, for appellant.

Not being a party to the decree, defendant could attack the decree collaterally. 123 Ala. 531, 26 South. 661. It is always competent to impeach a decree for fraud. 20 Cyc. 401; 23 Cyc. 1069; 3 Mayfield, 816; 20 Cyc. 397; 90 Ala. 230, 8 South. 15, 9 L. R. A. 413; section 4293, Code 1907.

Dortch & Allen and Inzer & Inzer, all of Gadsden, for appellee.

Appellant took his deed pending the suit on the Block mortgage, and all his rights were subject to the hazards of that litigation. 79 Ala. 590.

SOMERVILLE, J. [1] One who purchases property from a mortgagor, pending foreclosure proceedings in the chancery court, is bound and concluded by the orders and decrees of the court therein, as if he were an actual party thereto. Center v. P. & M. Bank, 22 Ala. 743; Malone v. Marriott, 64 Ala. 486; Owen v. Kilpatrick, 96 Ala. 421, 11 South. 476. This is, of course, but an application of the general principle of lis pendens. Morton v. New Orleans, etc., R. Co., 79 Ala. 590, 605.

[2] By his purchase at the foreclosure sale under the Bloch mortgage, the plaintiff Bellenger acquired the legal title to the land in suit, and by his transaction with his subsequent vendees, P. F. Gidley and Mrs. Gidley, he preserved the legal title in himself. If there was any inequitable conduct on the part of Mrs. Gidley or Bellenger affecting the chancery proceedings and sale, the appropriate mode of redress was by a motion or petition in that court, or by a bill of review. The sale and its judicial confirmation cannot be impeached collaterally in this ejectment suit, since the defendant, who purchased from the mortgagor after the chancery decree of sale, was fully bound by every decree rendered in that proceeding.

[3] Whether or not Bellenger's foreclosure of his own mortgage, or his execution of a deed to himself, was regular and effective, is not material to the issue. He had the legal title, and after the law day could recover the possession of the land.

The questions of evidence presented by the assignments of error, are immaterial, as we view the case, and could not have affected the result.

On the undisputed facts the judgment of the circuit court was correct, and must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.