### McALLISTER et al. v. CATCHINGS.
### (4 Div. 70.)

(Supreme Court of Alabama. Oct. 18, 1923. Rehearing Denied Dec. 6, 1923.)

1. Mortgages ⬸378, 591(1), 594(5)—Foreclosure extinguishes equity of redemption; statutory right to redeem must be exercised according to statute; where third mortgagee has redeemed, second mortgagee cannot redeem.

A valid foreclosure extinguishes an equity of redemption, and thereafter the privilege of the statutory right of redemption must be exercised in accordance with the statute; and, where a third mortgagee has redeemed, a second mortgagee cannot redeem or hold said third mortgagee as trustee for the benefit of himself, in the absence of special equities.

2. Mortgages ⬸591(1)—Conveyance to junior mortgagee as redemption.

A conveyance to a junior mortgagee from the purchaser on foreclosure of a mortgage given the purchaser in the foreclosure of the first mortgage is in effect a statutory redemption.

3. Mortgages ⬸294, 296—Private foreclosure and effect on junior mortgages.

A deed from the mortgagor and the first mortgagee of record or his assignee to a third party in the execution of a private foreclosure of the senior mortgage of record is binding to that end between the parties to the conveyance, where the same is free from fraud or oppression, yet a subsequent incumbrancer cannot be affected.

4. Mortgages ⬸294, 599(1)—Rights of junior mortgagee on conveyance by mortgagor in lieu of foreclosure.

A mortgagee or his assignee, in taking a deed from the mortgagor in lieu of foreclosure of equity of redemption, was subordinated to record notice that junior mortgagee had of the senior mortgage and its terms, and equitable right of redemption by the second or subsequent mortgagee is not barred, although such redemption may have been sought "two years after execution of the deed by the mortgagor to senior mortgagee or his assignee in lieu of foreclosure."

5. Mortgages ⬸246—Rights of assignee of senior mortgagee.

A person has a right to acquire the title of a senior mortgagee, and the fact that he may not have paid full value for the same, or that of the lands secured thereby, or the intention with which he acquired the same, are immaterial and will not impair his lien or right as the assignee of the senior mortgagee and prevent him from asserting the same to the extent of the senior mortgagee's interest so assigned.

6. Mortgages ⬸616—Bill by junior mortgagee to redeem recognition of seniority.

A bill by a junior mortgagee to redeem against a senior mortgagee is a recognition of the seniority, and he must offer to pay the amount due on the senior mortgage.

7. Lis pendens ⬸24(1)—Purchaser pendente lite bound by proceeding.

A purchaser pendente lite is bound by the proceeding under the principle of lis pendens.

8. Equity ⬸115—Purchasers pendente lite properly brought in as parties.

In a suit for discovery, accounting, and for the right to redeem from mortgages, purchasers pendente lite may be brought before the court by a proper cross-bill that all parties in interest may be heard and all equities settled and determined by the final decree, and for that purpose a defendant may bring in all persons not brought in by the plaintiff.

9. Equity ⬸46—Adequate remedy at law held not to exist.

In an action for discovery, accounting, and for the right to redeem from mortgages for sum found to be due after allowing credits and

---

deductions and to cancel mortgages, *held,* under the facts averred, that an adequate remedy at law did not exist.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Bill by Kate Catchings against E. W. Chambers, as executor of the will of I. P. Chambers, deceased. Pending the suit, E. W. Chambers died, and his executors, W. A. McAllister and W. P. Saunders, were substituted as respondents. From the decree, respondents appeal. Affirmed in part, reversed in part, and remanded.

The original bill alleges that complainant and her husband executed several certain mortgages to Chambers to secure loans to complainant and her husband. As to certain of the loans it is alleged that they were debts of the husband alone; as to all of them, it is alleged that they are affected with usury which complainant agreed to pay. As to some of the mortgages, it is alleged that complainant's home place was included therein without her knowledge.

The prayer is for discovery, accounting, and for the right to redeem from the mortgages for the sum found to be due thereon after allowing all proper credits and deductions on account of usury; and it is prayed that the mortgages be canceled to the extent they constitute incumbrance upon said home place.

McAllister and Saunders, as executors, by answer and cross-bill allege that in 1912 complainant and her husband executed to G. M. Foreman a mortgage on lands later conveyed to Chambers by mortgage; that after the filing of the original bill in this case H. L. Martin, solicitor for complainant, by agreement and collusion with complainant, procured Mrs. Maude Martin (wife of H. L. Martin) to take up the unpaid balance owing by complainant under the Foreman mortgage; that Martin and wife and complainant entered into a conspiracy for the purpose of defeating collection of the Chambers mortgages, and in furtherance thereof complainant and her husband and Maude Martin, as transferee of the Foreman mortgage, executed a deed conveying to H. L. Martin the land in question for a recited consideration of $1,251.42; that the amount due on the mortgage was about $752.40, and that the difference between such balance and the recited consideration was simulated and fictitious; that the reasonable value of the land in question is $10,500, and the recited consideration is grossly inadequate. It is further averred that in furtherance of said scheme H. L. Martin has had complainant to execute a purported assignment or transfer of her purported statutory right of redemption to Maude Martin, and that H. L. Martin has executed to Maude Martin a

deed to the land in question at a recited consideration of $1,896.56; and that the difference between that amount and the true amount due on said Foreman mortgage is simulated and fictitious. It is further averred that said Martin and wife and complainant each had notice of the pendency of this suit at the time of the transactions alleged.

It is further appears from the cross-bill that respondents (cross-complainants) being desirous and being entitled to redeem from the Foreman mortgage, made written demand on H. L. Martin and Maude Martin for a statement of the debt and lawful charges claimed by them; and that they have each failed to furnish such statement as required by section 5748 of the Code of 1907. Offer is made to pay the debt and all lawful charges thereon.

It is averred that it is necessary to file the cross-bill and to employ attorneys for the purpose, which they have done, agreeing to pay a stated fee.

The prayer of the cross-bill is that the conveyance by complainant and her husband and Maude Martin as assignee, to H. L. Martin, be canceled; that the conveyance from H. L. Martin to Maude Martin be canceled; that a reference be had to ascertain the amount due on said Foreman mortgage, permitting respondents to redeem therefrom by paying the same; and for foreclosure of the mortgages executed by complainant and her husband to Chambers.

The fourth and fifth assignments of error are as follows:

"(4) The court erred in sustaining the demurrer of Kate Catchings, directed to that portion of the cross-bill which seeks to set aside the conveyance of Kate Catchings, Joseph Catchings, and Maude Martin to H. L. Martin, which demurrer is as follows:

"First. Because the facts set forth in said answer and cross-bill do not show that said conveyance or either of them was fraudulent and void as against the said W. P. Saunders and W. A. McAllister, as executors of the estate of E. W. Chambers, deceased.

"Second. Because said answer and cross-bill show that the mortgage given Kate Catchings and Joseph Catchings to George M. Foreman, on the 30th day of November, 1912, was duly transferred and assigned to Maude Martin by said George M. Foreman, and duly foreclosed by the said Maude Martin under the power of sale contained therein, and that the only thing conveyed by Kate Catchings to Maude Martin was her statutory right to redeem said lands from the George M. Foreman mortgage; that the right conveyed was not a right of property which E. W. Chambers or his executors could subject to the payment of his debt, and, not being subjected to the payment on Chambers' debt, its conveyance to Maude Martin could not in law be a fraud upon E. W. Chambers or his executors.

"Third. Because the facts set forth in said answer and cross-bill show that Kate Catchings, Maude Martin, and H. L. Martin in making the conveyance sought to be set aside by

said answer and cross-bill did nothing which the law itself did not permit them to do.

"Fourth. Because said answer and cross-bill does not allege or set forth facts which show that Maude Martin did not in good faith have the George M. Foreman mortgage assigned to her, or that at the time of the foreclosure of said mortgage some, part of the mortgage debt was not past due and unpaid.

"Fifth. Because said answer and cross-bill does not allege or set forth facts which show that the said Maude Martin, at the time she had the George M. Foreman mortgage transferred to her, was not acting for herself.

"Sixth. Because said cross-bill and answer does not allege or set forth facts which show that the said Maude Martin, when she had said George M. Foreman mortgage transferred to her, was acting for and in behalf of or in the interest of the said Kate Catchings.

"(5) The court erred in sustaining the demurrer of Kate Catchings directed to that portion of the cross-bill which seeks to set aside the conveyance of H. L. Martin to Maude Martin, the grounds of which are particularly set forth in the assignment of error No. 4 hereinabove."

O. S. Lewis, of Dothan, for appellants.

An absolute deed, executed by the mortgagor to the mortgagee, cannot prejudice the rights or equities of a junior mortgagee. Rothchild v. Lbr. Co., 139 Ala. 571, 36 South. 785. A purchaser pendente lite is bound by the proceedings. It is at his own peril that he purchases, and he is conclusively bound. Malone & Foote v. Marriott, 64 Ala. 486. This being true, Mrs. Maud Martin is a proper, if not necessary, party. A defendant may bring into the litigation by his cross-bill persons not brought in by the plaintiff. Sims, Chancery Practice, 421; Coster's Ex'rs v. Bank of Ga., 24 Ala. 37; Davis v. Cook, 65 Ala. 617; Bell v. McLaughlin, 183 Ala. 548, 62 South. 798.

James J. Mayfield, of Montgomery, H. L. Martin, of Ozark, and Espy & Hill, of Dothan, for appellee.

The foreclosure of the Foreman mortgage cut off the equitable right of redemption of both the mortgagors and junior mortgagees, leaving only the statutory right. The mortgagors conveyed and assigned their statutory right to Maud Martin, who exercised the right and acquired the legal title to the premises. The statutory right, having been once exercised, cannot be exercised again by the junior mortgagees redeeming from the first redemptioner; the statute does not so provide. Maud Martin was not a proper party to the cross-bill. Code 1907, § 5746 et seq., and authorities cited; Allison v. Cody, 206 Ala. 88, 89 South. 238; Crowson v. Cody, 207 Ala. 476, 93 South. 420; Id., 209 Ala. 674, 96 South. 875. The fact that land sold at mortgage foreclosure sale at greatly less than its real value does not invalidate the sale. Ward v. Ward, 108 Ala. 278, 19 South. 354; Hunter v. Mellen, 127 Ala. 343, 28 South.

468. The assignee had the right to foreclose, and to adopt any method permitted by law, either selling under the power, or taking a deed from the mortgagors. Dennis v. McEntire Co., 187 Ala. 314, 65 South. 774; Fouche v., Swain, 80 Ala. 151; Crowson v. Cody, 207 Ala. 476, 93 South. 420; Hamilton v. Cody, 206 Ala. 102, 89 South. 240; Allison v. Cody, 206 Ala. 88, 89 South. 238; Farrow's Case, 184 Ala. 208, 63 South. 973.

THOMAS, J. The question of redemption under the statute has been given recent consideration by this court. Allison v. Cody, 206 Ala. 88, 89 South. 238; Hamilton v. Cody, 206 Ala. 102, 89 South. 240; Crowson v. Cody, 207 Ala. 476, 93 South. 420; s. c. 209 Ala. 674, 96 South. 875; Owen v. Kilpatrick, 96 Ala. 421, 11 South. 476. A discussion of the equity and statutory rights of redemption is to be found in Dinkins v. Latham, 202 Ala. 101, 106, 79 South. 493; Grace v. Montgomery, 209 Ala. 386, 96 South. 430.

[1, 2] In the Allison-Cody Case, supra, it is stated that a valid foreclosure extinguishes the equity of redemption (Dinkins v. Latham, 202 Ala. 101, 79 South. 493; Baker, Lyons & Co. v. Eliasberg Co., 201 Ala. 591, 79 South. 13); thereafter the privilege of the statutory right of redemption must be exercised in accordance with the statute (Snow v. Montesano Land Co., 206 Ala. 310, 89 South. 719); and where a third mortgagee has redeemed, a second mortgagee cannot redeem or hold said third mortgagee as trustee "for the benefit of himself and the second mortgagee, in the absence of special equities." And a conveyance to a junior mortgagee from the purchaser on foreclosure of a mortgage given the purchaser at the foreclosure of the first mortgage is, in effect, a statutory redemption (Hamilton v. Cody, 206 Ala. 102, 89 South. 240), so far as affects the parties to such conveyance.

[3, 4] The writer did not participate in the decision of Grace v. Montgomery, 209 Ala. 386, 96 South. 430. However, after a careful consideration of that decision, I am of opinion that it is well founded and supported by authority. It is true that a deed from the mortgagor and the first mortgagee of record, or his assignee, to a third party in the execution of a private foreclosure of the senior mortgage of record, is binding to that end between the parties to the conveyance where the same is free from fraud or oppression. Yet it is also true that a subsequent incumbrancer cannot be affected by such private agreement between the mortgagor and the senior mortgage or his assignee that would impair the obligation of his contract if given superior or controlling effect. Such mortgagee or his assignee, in taking a deed from the mortgagor in lieu of foreclosure of the equity of redemption, was subordinated to the record notice that the

junior mortgagee had of the senior mortgage and its terms, and the equitable right of redemption by the second or subsequent mortgagee is not barred, although such redemption may have been sought "two years after execution of the deed by the mortgagor to senior mortgagee (or his assignee) in lieu of foreclosure." Grace v. Montgomery, 209 Ala. 386, 96 South. 430, 432; Rothschild v. Bay City Lbr. Co., 139 Ala. 571, 36 South. 785. The junior mortgagee had acquired his interest in the mortgagor's equity, and with reference to the existing liens as they appear of record, "his rights cannot be prejudiced by private arrangements between the parties." 2 Jones on Mortgages (7th Ed.) § 830. See, also, Baker, Lyons & Co. v. Eliasberg Co., 201 Ala. 591, 592, 79 South. 13; Butts v. Broughton, 72 Ala. 294.

If the foreclosure of the Foreman mortgage by the conveyance had terminated the equitable right of redemption of the junior mortgagees, the result urged by appellants' counsel would obtain; but such foreclosure of the equity of redemption, as to the interest of the junior mortgagees, was not the result of the private agreement or of the arrangements of the mortgagor and assignee of the senior mortgagee—and contrary rulings on demurrer to the cross-bill are in error.

[5, 6] It should be said that Mrs. Martin had the right to acquire the title of Foreman, the senior mortgagee, and the fact that she may not have paid full value for the same, or that of the lands secured thereby (Ward v. Ward, 108 Ala. 278, 19 South. 354), or the intention with which she acquired the same, are immaterial (Rudisill Co. v. Eastham Co. [Ala.] 97 South. 219;[1] Hunter v. Mellen, 127 Ala. 343, 28 South. 468; Hodge v. Coleman, 76 Ala. 103), and will not impair her lien or right, as the assignee of the senior mortgagee, and prevent her from asserting the same to the extent of the senior mortgagee's interest so assigned to her (Fouche v. Swain, 80 Ala. 151; First Ave. Coal & Lbr. Co. v. King, 193 Ala. 438, 69 South. 549). A bill by a junior mortgagee to redeem, against a senior mortgagee, is a recognition of its seniority, and he must offer to pay the amount due on it. Fouche v. Swain, 80 Ala. 151. The superior claim will prevail to the extent of its seniority. Woodruff v. Satterfield, 199 Ala. 477, 74 South. 948; Cook v. Kelly, 200 Ala. 133, 75 South. 953; Hampton v. Counts, 202 Ala. 331, 80 South. 413.

[7, 8] A purchaser pendente lite is bound by the proceeding, under the principle of lis pendens Rudisill Co. v. Eastham Co. (Ala.) 97 South. 219;[1] Malone v. Marriott, 64 Ala. 486; Owen v. Kilpatrick, 96 Ala. 421, 11 South. 476; Gidley v. Bellenger, 204 Ala. 160, 85 South. 374. And purchasers pendente lite may be brought before the court by a proper cross-bill, that all parties in interest may be heard and all equities settled and determined by the final decree. For this purpose a defendant may bring in all persons not brought in by the plaintiff. Bell v. McLaughlin, 183 Ala. 548, 551, 62 South. 798; Davis v. Cook, 65 Ala. 617; Coster v. Bank of Georgia, 24 Ala. 37; Paulling v. Creagh, 63 Ala. 398; Sims, Ch. Pr. p. 421, § 641; Storey's Eq. Pl. p. 373, notes. There was error in sustaining demurrer of Mrs. Maude Martin filed to the cross-bill, as duly challenged by assignment of error. The subject of necessary and proper parties to a suit in equity was discussed in Hodge v. Joy, 207 Ala. 198, 207, 92 South. 171. It follows from the foregoing that Mrs. Kate Catchings and Mrs. Maude Martin were necessary parties to the suit, and there was no error in bringing in, as proper parties, Joseph Catchings and H. L. Martin, in order that all parties in interest might be heard, and all equities determined by the final decree when rendered. There was error in sustaining demurrer to the cross-bill challenging the right to make Mr. and Mrs. Martin parties thereto.

[9] Under the facts averred in the original and cross bills, a complete and adequate remedy, as affecting the respective interests of the parties, does not exist at law—a court of equity only can fully determine the respective contentions of the parties and enforce their respective interests or equities in the lands in the order and amounts of the priorities after a declaration thereof and after a just and true accounting and ascertainment of the same. There was error in sustaining the demurrer of respondents (complainants in original bill) in the cross-bill challenged by the fourth and fifth grounds of assignment. The complainants in the cross-bill (respondents in the original bill) had the equitable right of redemption from the senior mortgagee or assignee, upon paying all just sums and lawful charges due thereon. This it is duly alleged that "they are ready, able and willing to pay the debt and all lawful charges and hereby offer to do so." The averment of fact in the cross-bill and in the whole prayer thereof does not attack the validity of the Foreman mortgage or the superiority of the lien thereunder in the assignee, but only the subsequent proceeding, and conveyances are sought to be defined and limited as tending to give any right, title, or interest in the properties that would prevent redemption of the equity and foreclosure thereof by the junior mortgagee. Fouche v. Swain, 80 Ala. 151. The prayer, when considered as a whole, was to such limited effect, and this would not justify the ruling of the trial court in sustaining the demurrer of Kate Catchings directed to that portion of the cross-bill by the executors which sought to set aside the conveyance of Kate and Joseph Catchings and Maude

[1] Ante. p. 145.

Martin (assignee of the Foreman mortgage) to H. L. Martin. This transfer, while it was efficacious as to parties thereto, was not such as to prevent the assertion of the right of equity of redemption sought by the junior mortgagee. Wiley v. Ewing, 47 Ala. 418; Fouche v. Swain, supra.

It is conceded by counsel for appellants that there was no error in sustaining demurrer to that phase of the cross-bill seeking recovery of attorneys' fees for foreclosing the mortgage; for if the property is sold it will be under the original bill to the satisfaction of the respective debts and liens securing the same, and as to this the decree of the chancellor is affirmed.

The decree of the circuit court, in equity, is affirmed in part, reversed in part, and the cause is remanded. The appellants are taxed with one-third of the costs of the appeal, and appellee is taxed with two-thirds of the costs of the appeal.

Affirmed in part, reversed in part, and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.