# Beebe & Henshaw *v.* Morris *et al.*

*Bill in Equity for Foreclosure of Mortgage, Account, &c.*

1.   *What is revisable, on appeal from decree overruling demurrer to bill.*—On appeal from an interlocutory decree in chancery, overruling a demurrer to the bill (Sess. Acts, 1874-5, p. 189), the revisory power of this court extends only to the decree overruling the demurrer, and it has no authority to consider the allowance of an amendment to the bill, or the introduction of new parties.
2.   *Parties to bill.*—In a bill for the foreclosure of a mortgage, and an account of the mortgage debt, an assignee of a part of the debt may be joined as a party either plaintiff or defendant: it is sufficient that he is brought before the court, so that he may assert his rights, and be concluded by the decree.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. H. AUSTILL.
The bill in this case was filed on the 23d August, 1875, by Josiah Morris, Sarah S. Watson, and Mary E. Semple, against Eugene Beebe, Ferrie Henshaw, Elmore & Gunter, Stone & Clopton, H. W. Hitchcock, and the executors of the

last will and testament of Howell Rose, deceased; and sought the foreclosure of a mortgage on the "Montgomery Hall property" in the city of Montgomery, an account of the mortgage debt, and a sale of the property to pay the amount ascertained to be due. The said property was sold to Beebe & Henshaw by Mrs. Sarah S. Watson, on the 1st April, 1872, at the price of $20,000, of which amount $5,000 was paid in cash; and for the residue, said Beebe & Henshaw gave their three promissory notes, for $5,000 each, payable one, two, and three years after date, respectively, with interest from date, and a mortgage on the property to secure their payment, as stipulated in a written agreement between the parties executed at the same time, and as a part of the same transaction. At the time this contract was made, Mrs. Mary E. Semple held a mortgage on the property for $5,000, and the executors of Howell Rose were prosecuting a suit in chancery against it; and it was stipulated in the written agreement, that the money was to be paid to Josiah Morris, with whom the notes were also to be deposited, and he was to pay the debt due to Mrs. Semple on her entering satisfaction of her mortgage; and the claim in favor of Howell Rose's executors was also to be settled, and any other liens or incumbrances that might exist against the property. The bill alleged that, in June, 1873, H. W. Hitchcock obtained a judgment against Mrs. Watson, and had an execution levied on the property; that she afterwards became indebted to Elmore & Gunter in the sum of $750, and to Stone & Clopton in the sum of $500; and that in July, 1874, these several debts and claims existing against her and the property, she executed a written assignment, transferring the three notes of Beebe & Henshaw to said Josiah Morris as trustee, authorizing him to collect them, and to apply the money to the payment and satisfaction of said several debts and claims in the order specified in said assignment, which was made an exhibit to the bill. The assignment showed that Charles G. Gunter and W. H. Rives were sureties on the debt which the executors of Howell Rose were seeking to enforce.

A demurrer to the bill was filed by Beebe & Henshaw, assigning the following grounds of demurrer: 1. "That said complainants have not, in their said bill, made such a case as entitles them to any discovery or relief from or against these defendants, touching the matters contained in said bill." 2. "That the said bill contains not any matter of equity, on which this court can ground any decree, or give the complainants any relief or assistance, as against said Beebe & Henshaw." 3. "That the said bill of complaint is multifarious." 4. "That said complainants have a plain, adequate, and

complete remedy at law against said Beebe & Henshaw, in respect to the matters in said bill complained of, and as to which relief is sought." 5. That Stone & Clopton, and Elmore & Gunter, should have been made complainants in said bill, and no reason is shown for making them defendants. 6. That Charles G. Gunter is shown by the bill to be a necessary party. 7. That W. H. Rives is shown by the bill to be a necessary party. 8. That the bill is without equity. 9. That the executors of Howell Rose should have been made complainants, and no fact or reason is stated to justify the omission to make them complainants. 10. That there is a misjoinder of complainants.

This demurrer was filed on the 21st September, 1875; and afterwards, but before the demurrer was heard, the complainants filed an amended bill, making said Charles G. Gunter and the personal representative of W. H. Rives, deceased, parties defendant; alleging that Beebe & Henshaw pretended that they had or claimed some interest in the property, or some incumbrance on it; denying the validity of such pretended claim, and consenting, if its validity was established, that it should be paid out of the amount due on the mortgage debt. Afterwards, in vacation, the demurrer was heard by the chancellor, and overruled as to all the assignments, except as to the necessity of making Gunter and Rives parties defendants; and as to this assignment, though it was well taken, the defect was cured by the amended bill which had been filed, and it was therefore unnecessary to make any order on the demurrer. From this decree Beebe & Henshaw now appeal, and here assign as error—1st, the overruling of their demurrer to the bill; 2d, the allowance of the amendment without notice to them; 3d, that the chancellor had no jurisdiction to hear and determine the demurrer on a day in vacation different from that specified in the notice served on them.

RICE, JONES & WILEY, for appellants.

ELMORE & GUNTER, contra.

BRICKELL, C. J.—The statute which authorizes this appeal, limits the revisory power of the court to the decree overruling the demurrer.—Pamph. Acts, 1874-5, p. 189. If the chancellor erred in allowing an amendment of the bill, or if the amendment was irregularly made, and new parties informally introduced, as is insisted by the appellants, the errors are not now the subject of revision.

There are several grounds of demurrer, which it cannot be

[Peters v. New Orleans, Mobile and Chattanooga Railroad Co.]

supposed were relied on by the appellants. The first, second, and eighth are general, which the statute prohibits being heard. The fourth asserts, that the complainants have an adequate remedy at law. It is enough to say in answer, the bill is for a foreclosure of a mortgage. The fifth avers, that Elmore & Gunter, and Stone & Clopton, to whom respectively parts of the mortgage debt had been assigned, should have been made parties plaintiff, and not defendants; and the ninth makes the same objection, as to the personal representatives of Howell Rose, deceased. These parties could have properly joined in the suit as complainants, but they were not compelled to do so. It is sufficient that they are before the court, having an opportunity to assert their rights, and will be concluded by the decree, saving the mortgagors from all future litigation with them. The demurrer, on its remaining grounds, was sustained. We find no error in the decree, of which appellants can complain, and it is affirmed.

STONE, J., not sitting.