[Penney v. Miller, and Miller v. Penney.]

# Penney *v.* Miller,
# and
# Miller *v.* Penney.

### *Bill in Equity for Accounting by Mortgagee.*

1. *Equity; jurisdiction; assignment of part of mortgage debt; trusts.*—Complainant furnished money wherewith an outstanding incumbrance was discharged from certain property, which was then included in a mortgage to a third person; the amount so furnished by complainant being, by agreement of parties, included in the debt secured by the mortgage. The mortgagee thereupon transferred to complainant, without recourse, notes mentioned in and secured by the mortgage, equal in amount to the sum so furnished by complainant, stipulating in the transfer that these notes were not to be paid until the mortgagee had collected the amount due him under the mortgage. *Held*: That, although the mortgagee by taking the property under his mortgage did not become bound as a trustee to account to complainant for its specific proceeds, complainant as owner of the notes shared the security of the mortgage, for the enforcement of which she had a remedy by bill in equity against the mortgagee.

2. *Same; priorities; estoppel.*—Where a mortgagee transferred a part of a mortgage debt, without recourse, stipulating that the note transferred was not to be paid until that part of the mortgage debt due the mortgagee was collected, the mortgagee has a preference over the transferee in collecting from the property to the extent of his debt, and by assenting to and claiming under the mortgage the transferee is estopped to impeach the mortgagee's debt.

3. *Assignment of part of mortgage debt; effect of.*—An assignment of part of a mortgage debt is an assignment *pro tanto* of the mortgage security, and the assignee may maintain a bill to foreclose.

4. *Same; priorities.*—Ordinarily, where the terms of a transfer of part of a mortgage debt are silent as to priority, the transferee's debt is given preference as a claim on the property over that retained by the mortgagee, but by stipulating therefor the transferee's security may be postponed to that of the mortgagee.

38c

[Penney v. Miller, and Miller v. Penney.]

5. *Mortgagee; duty of to holder of part of debt secured by mortgage.*—A mortgagee, who has transferred part of the mortgage debt with the stipulation that his part of the debt is to be paid first, though not liable as a trustee except as to collections in excess of his debt, is bound to act towards such transferee in good faith, and to use care to prevent destruction and spoliation of the property.

6. *Mortgagee's liability to owner of part of mortgaged property for spoliation of property and for negligence.*—On accounting between the owner of part of a mortgage debt and the mortgagee, losses occurring from destruction or spoliation of the property through gross negligence or willful neglect of the mortgagee, go in reduction of his debt.

7. *Bill, when not multifarious; accounting between senior and junior mortgagees.*—The transferee of a part of an indebtedness secured by first mortgage, being entitled to an accounting with the mortgagee in equity and to have the mortgage foreclosed, may by the same bill seek the enforcement of his entire claim against the mortgaged property, including that accruing to him as owner of a junior mortgage.

8. *Accounting between mortgagees; duty of first mortgagee to care for mortgaged property.*—To a subsequent encumbrancer, of whom he has no notice, a mortgagee owes no duty in respect of caring for the mortgaged property, and such subsequent encumbrancer is not entitled to have the remaining mortgaged property or its proceeds subjected to his mortgage until the debt of the first mortgagee has been actually paid.

APPEAL from Morgan Chancery Court.

Heard before Hon. WM. H. SIMPSON.

The bill was filed by A. May Miller against J. E. Penney and Miller and Palmatier. The facts alleged therein are shown by the opinion. The bill prayed that Penney be required to account for the property mortgaged to him or disposed of by him or taken from him wrongfully by others; that an account be taken to ascertain what, if any thing, was due on his mortgage; that a trust on the proceeds of such property now in the actual or constructive possession of Penney be declared in complainant's favor to the extent of $100 paid by her to take up the bill of sale; that the Penney mortgage and a second mortgage to Hundley and Wellman, owned by complainant, be foreclosed; that from the pro-

ceeds of sale and from Penney's liability for the property converted by him there be repaid to complainant said sum of $100 with interest; that Penney, after complainant had been so repaid, be required to credit any amount due him on said mortgage with the value of the converted property with which he may be decreed to stand charged; that after any mortgage indebtedness to Penney shall have been thus satisfied the debt due under the Hundley and Wellman mortgage be paid from the remainder of the proceeds of sale or from the remainder of said Penney's liability as converter of said bill; that the ultimate remainder be distributed as may be equitable; and for general relief.

Penney by his answer set up a balance still owing him on the mortgage of about $250, and denied most of the allegations of the bill. A demurrer was incorporated in the answer, on the grounds that the bill was without equity and that complainant had an adequate remedy at law; that the bill was multifarious; and that the prayer was inconsistent with the facts stated. These demurrers were overruled.

On submission on the pleadings and proof, a decree was rendered in complainant's favor, charging defendant Penney with the value of all the property mentioned in his mortgage and disposed of by him, as well as that which, by the want of proper diligence on his part, was taken and disposed of by the mortgagors and others; and a trust was declared in complainant's favor to the extent of $100, with interest, on the proceeds of said property and on the property in the actual or constructive possession of Penney. It was further decreed that the portion of the mortgaged property remaining unsold should be first sold and the proceeds applied to complainant's debt, then a personal judgment against Penney for the remainder, if any, due on the two $50 notes, but not for the Hundley and Wellman debt; that complainant had a lien on the mortgaged property in the actual or constructive possession of Penney, and that her mortgage and the Hundley and Wellman mortgage be foreclosed, and that the proceeds of said foreclosure sale be applied, first, to the payment of the costs

of the suit, and then to the debt of the complainant.

Penney appeals, assigning as error the overruling of the demurrers and the rendition of the decree. The complainant also makes a cross assignment of errors.

D. W. SPEAKE and PAUL SPEAKE, for appellants. Complainant has an adequate remedy at law, and the bill is without equity.—3 Brick. Dig., 661, §§ 404, 407; *Mims v. Cobbs,* 110 Ala. 557; *Shields v. Kimbrough,* 64 Ala. 504; *Cowley v. Shelby,* 71 Ala. 122; *Turner v. Flinn,* 67 Ala. 529.

The bill is multifarious.—*Hall v. Henderson,* 114 Ala. 601; *Pollock v. M. Mfg. Co.,* 108 Ala. 467; 3 Brick. Dig. 379, 388, §§ 184-5, 337-8.

The prayer of the bill must be consistent with and follow the averments; otherwise the bill is subject to demurrer.—Story's Eq. Pl., § 42.

The complainant was not entitled to the relief granted.—*Pugh v. Harwell,* 108 Ala. 487; *Shields v. Kimbrough,* 64 Ala. 504.

E. W. GODBEY, *contra.*—Penney's receipt covered the furniture as well as the bill of sale, was conclusive as to a declaration of trust, and was unimpeachable by parol.—*Kennedy v. Winn,* 80 Ala. 165; *Boykin v. Pace,* 64 Ala. 68.

Penney's retention of the legal title and of the greater portion of the notes, and his possession of the property, rendered him a trustee for Mrs. Miller.—*Vann v. Marbury,* 100 Ala. 438; *Fulgham v. Morris,* 75 Ala. 245; 2 Am. & Eng. Ency. of Law (2d ed.), 1086; *Showman v. Lee,* (Mich.), 44 N. W. Rep. 1061; *Holway v. Gilman,* 81 Me. 165.

Mrs. Miller had the right to file this bill months after the law-day, the abandonment of the property by the mortgagors (no foreclosures having taken place), and for an accounting, and for a sale and a nullification of Penney's claim.—*Bellinger v. Lehman,* 103 Ala. 385; *Thompson v. Hartline,* 105 Ala. 263; *Corr v. Shackelford,* 63 Ala. 248.

[Penney v. Miller, and Miller v. Penney.]

Penney must account for property sold by him and proceeds diverted by him to pay 'debts not secured by mortgage.—*Webster v. Singley,* 53 Ala. 208; *Cowley v. Shelby,* 71 Ala. 122.

Penney must account for sales made by the mortgagors in his name, whether he received the proceeds or not. *Davis v. Chapman,* 5 Am. St. Rep. 251; 3 Am. & Eng. Ency. of Law, 198, note; *Conkling v. Shelby,* 28 N. Y. 360. He must account for property still held by him. 5 Am. & Eng. Ency. of Law, (2d ed.), 1003; *Howery v. Hoover,* 66 N. W. Rep. 772; *Gresham v. Ware,* 79 Ala. 192; *Smith v. Ely,* Fed. Cases, No. 13044.

He must account for the mortgaged property which he suffered to be taken from him by trespassers, with and without legal process.—*Royal v. McKenzie,* 25 Ala. 363; *Vandiver v. Pollak,* 107 Ala. 547; 2 Pomeroy's Eq. Jur. § 989; *Gordon v. Bell,* 50 Ala. 221; 2 Brick. Dig. 259, § 148; *Nunn v. Nunn,* 65 Ala. 35.

Penney cannot question the consideration paid by Mrs. Miller for the Hundley and Wellman mortgage or for the bill of sale.—*McCausland v. Drake,* 3 Stew. 344; *Coe v. Hinkley,* 37 N. W. Rep. 915; *Johnson v. Smith,* 70 Ala. 108; *Wood v. Hanston,* 65 Ala. 438.

The bill is not subject to demurrer as being multifarious.—*Loft v. Mobile,* 79 Ala. 69; *Lyon v. Dees,* 101 Ala. 700; *Wilkinson v. Bradley,* 54 Ala. 677; *Adams v. Jones,* 68 Ala. 119; *Stone v. L. I. Co.,* 52 Ala. 359; Beach Modern Eq. Prac., sec. 118, 129; 9 Ency. of Pl. & Pr., 231; *Worthy v. Johnson,* 52 Am. Dec. 399.

SHARPE, J.—Complainant, who is the wife of defendant Miller, is the holder of two notes which with eight others were made by defendants Miller and Palmatier to defendant Penney, all of which notes were secured by a chattel mortgage made by Miller and Palmatier to Penney. Complainant acquired the notes by transfer from Penney under the following indorsement placed on each: "I  *  *  * transfer the within note to Mrs. E. B. Miller without recourse on me, but with the understanding that this note is not to be paid until I have collected four hundred and eighteen and 34-100

dollars." The consideration for this transfer appears to have arisen from the fact that complainant had furnished money wherewith an outstanding incumberance in the form of a bill of sale given by Miller and Palmatier was discharged from a part of the property included in Penney's mortgage, and the amount she paid, had by agreement of parties been included in the amount of the notes made payable to Penney and secured by the mortgage. The bill of sale she discharged was transferred to complainant and prior to the mortgage a receipt was given her by Penney indicating that he held the property described in a bill of sale as hers, yet it is not alleged as a fact that she ever became the owner of that property. On the contrary, the bill alleges in substance, that by the use of the money complainant furnished, defendants Miller and Palmatier regained the property covered by that bill of sale and included it in their mortgage to Penney, stipulating that the two notes amounting to the sum she furnished, should be transferred to her. These averments do not warrant the conclusion that by taking this property under his mortgage defendant Penney became bound as a trustee to account to complainant for its specific proceeds. They go no further than to show an inducement for the transfer to her of the notes and that as their owner, she shares the security furnished by all the property included in the mortgage and is entitled to a remedy for its enforcement.

An assignment of part of a mortgage debt is an assignment *pro tanto* of the mortgage security and the assignee may maintain a bill to foreclose.—*Cullum v. Erwin*, 4 Ala. 452; *Ray v. Knight*, 75 Ala. 383; *Bebee v. Morris*, 56 Ala. 525; *Puckett v. Sibert*, 75 Ala. 315. Ordinarily, where the terms of the transfer are silent, as to priority, the transferee's debt is given preference as a claim on the property over that retained by the mortgagee, but by stipulating therefor the transferee may be postponed to the mortgagor.—*Cullum v. Erwin, supra*. So under the terms of Penney's transfer, he retained preference over the complainant in collect-

ing from the mortgage property to the extent of his debt
as expressed; and by assenting to and claiming under
the mortgage, complainant is estopped to impeach that
debt. But though her interest in the security was sub-
ordinate to Penney's and his attitude was not that of a
trustee except as to collection in excess of his debt, he
was bound to act towards her in good faith.

The possession of part of the property and the right
to possession of all, as well as the legal title, being in
him, it was Penney's duty to use care to prevent de-
struction and spoliation of the property. Losses oc-
curred from such causes and through any gross negli-
gence or willful default of his, are matters which prop-
erly go in reduction of his mortgage debt.—*Shields v.
Kimbrough*, 64 Ala. 504; *Morrow v. Turney*, 35 Ala.
131; 3 Pom. Eq. Jur. § 1216; *Onderdonk v. Gray*, 4 N.
J. Eq. 65; *Scott v. Webster*, 50 Wis. 53.

Complainant had the right to seek by the same bill
the enforcement of her entire claim against the mort-
gaged property including that accruing to her as owner
of the Hundley and Wellman mortgage. As such owner
alone she could not have compelled the foreclosure of
the first mortgage, but she was entitled to an accounting
with Penney and an ascertainment of the amount due on
his mortgage to the end that the obstacle it presented to
the foreclosure of her second mortgage might be re-
moved as the court might direct.—*Davis v. Clark*, 65
Ala. 617; *Gardner v. Morrison*, 12 Ala. 547; *Cullum v.
Erwin, supra.*

From findings of the register it appears that of the
property mortgaged to Penney there has been disposed
of in various ways an amount worth more than double
the entire debt secured by that mortgage; that though
Penney has actually collected and applied on his notes
only enough to pay them in part yet he is properly
chargeable on account of the manner of such disposition
with more than enough to satisfy his own and com-
plainant's notes. The evidence shows that Penney per-
mitted much of this property to be consumed and en-
cumbered by the mortgagors, partly under their agree-
ment and attempt to complete unfinished furniture em-

braced in the mortgage and partly in working mortgaged material into new furniture. Of this the mortgagors could not complain but as to the complainant it was for all that appears, an unauthorized conversion to the extent that it deprived her of the security provided for her notes. According to the conclusions of fact arrived at by the register so far as they are confirmed by the chancery court the weight to which they are entitled, it cannot be held that the decree is erroneous in so far as it provides for the collection of those notes.

But as favoring the Hundley and Wellman mortgage, Penney's debt is not subject to be reduced except by collections actually made thereon. We fail to find from the evidence that he knew of that mortgage until after the mortgagors had quit business and abandoned the factory, and what loss if any occurred through Penney's fault after he had such knowledge, is not shown with any degree of certainty. To subsequent encumberancers of whom he had no notice a mortgagee owes no duty in respect of caring for the mortgaged property. 3 Pom. Eq. Jur. § 1218. Complainant will not be entitled to have the remaining mortgaged property or its proceeds subjected to her second mortgage, until Penney's debt has been actually paid.

The decree appealed from will be here modified so as to direct that after paying costs as directed by that decree, the proceeds of the mortgaged property therein ordered to be sold shall be applied to paying so much of complainant's debt as has accrued upon the notes transferred to her by defendant Penney, and that the remainder if any be retained by the register to await further orders of the chancery court. As so modified the decree will be affirmed on Penney's appeal and likewise on the cross-appeal. The appellant and the cross-appellant will each pay one-half the costs of the appeal, which have accrued in the chancery court.