# Keily, *et al. v.* Smith.

*Bill to Enforce Equitable Lien.*

(Decided June 10, 1909. Rehearing denied June 30, 1909.
50 South. 145.)

1. *Equity; Bill; Multifariousness.*—Where the owner of lots on which there was an outstanding mortgage contracted for the construction of a house thereon, in which contract it was agreed that the contractor should furnish all labor and material, and discharge the mortgage debt, the contractor to hold the note and mortgage as collateral security, or to take new notes and mortgage for both debts, and part of the price was paid when the work was begun and the balance of both debts was evidenced by notes and a mortgage to be delivered when the house was complete, but disputes arising as to a full compliance with the contract, and the owner having refused to deliver the notes and mortgage, the contractor filed the statutory claim and affidavit to establish his mechanic's lien and then transferred all his interest in the debts, evidences thereof, and liens to complainant, who filed this bill to enforce an equitable lien and to establish the mechanic's lien. Held, that the remedies to enforce the two liens were not so different that the two liens could not be set up in the same bill, and hence, the bill was not multifarious.

2. *Appeal and Error; Harmless Error; Persons Entitled to Complain.*—Where no decree was rendered against appellant to enforce a mechanic's lien, appellant cannot complain as to any rulings relative thereto.

APPEAL from Jefferson Chancery Court.
Heard before Hon. A. H. BENNERS.

[Keily, et al. v. Smith.]

Bill by V. C. Smith against Lillian Keily and others to enforce an equitable lien. Decree for complainant and respondents appeal. Affirmed.

J. S. GILLESPIE, and GEORGE E. BUSH, for appellant. In order to enforce an equitable mortgage and to foreclose the condition precedent existing must be fully performed.—27 Cyc. 984. Statutory requirements must be strictly complied with.—*Lloyd v. Guthrie*, 131 Ala. 65; *Long v. Pocahontas Coal Co.*, 117 Ala. 587. The lien was cleared away.—*Copeland v. Kehoe*, 67 Ala. 594. The original contractor was a necessary party.—Acts 1901, p. 2122. The husband could not fix an equitable lien unless authorized to do so in writing.—Sec. 2289. Code 1907; *Phillips v. Adams*, 70 Ala. 372. There was neither a mechanic's lien nor a special equity.—*Lehman v. Myer*, 67 Ala. 396; 3 Mayf. 197.

SAMUEL WILDER, for appellee. An equitable mortgage was created.—11 A. & E. Ency. of Law, 185; 19 Id. 113; *Morrow v. Turner*, 35 Ala. 131; *Newlin v. McCaffee*, 64 Ala. 357; *Woodruff v. Adair*, 131 Ala. 530; *Markham v. Wallace*, 147 Ala. 243; *Courtney v. Etheridge*, 149 Ala. 78. The assignment was sufficient to pass the title. —*Wells v. Cody*, 112 Ala. 282; 2 A. & E. Ency. of Law, 1055; Sec. 28, Code 1896. The exception to the register's report was too general.—*Harper v. Raisin Frt. Co.*, 148 Ala. 362; Rule 93, Chan. Pr.

MAYFIELD, J.—Appellant owned lots 9 and 10, block 74, in West End, Birmingham. She owned one McClure $236, which debt was secured by several notes and a mortgage executed by her and her husband. On the 12th of May, 1904, she, through her husband as her agent and one Gillespie as her attorney, entered into

builder's contract with one Owen to build her a dwelling house upon these lots according to certain agreed specifications and at the price of $537, Owen to furnish all materials, work, and labor, and as a part of this contract Owen assumed to pay off the mortgage debt due McClure, but not as a part of the price of building, he to hold the notes and mortgage as collateral, or pay them off and take new notes and mortgage for both debts. Fifty dollars of the price of building was paid when the work was begun, and the balance of the building debt and McClure's debt, aggregating $723, were evidenced and secured by several notes and a mortgage upon the house and lots; the same being signed by herself and husband, and left with their attorney, Gillespie, to be delivered to Owen when the house was completed. The house was completed in June or July, 1904.

After that time disputes and differences arose between appellant's husband, her attorney, Gillespie, and Owen as to the full compliance with the terms of the contract, and as to materials used in and workmanship upon the building; and she, through her agents, refused to deliver the notes and mortgage to Owen, claiming that there was by the contract an agreement that the notes and mortgage were not to be delivered until her husband was satisfied that Owen had completed the contract according to the terms and stipulations of the written agreement. About this time the Heidt-Milner Lumber Company sued Owen, and garnished appellant, obtaining judgment against the defendant and garnishee for $134. In August, 1904, Owen, as contractor, filed his statutory claim and affidavit, as required by law, in the probate office of Jefferson county, to acquire a mechanic's lien upon the house and lot. On the same day he transferred all his right title, interest, claim, and demand to the debts, evidences thereof, and the liens to

[Keily, et al. v. Smith.]

this appellee, who then filed this suit against appellant and McClure in the chancery court of Jefferson county to enforce his claims as such assignee. of Owen upon the house and lots in question.

There was quite a deal of pleading and cross-pleading unnecessary to notice. Motion to dismiss and demurrer to the bill were interposed and overruled. An appeal therefrom appears to have been taken to this court by the appellant, which was dismissed for want of prosecution. Appellant thereafter filed special pleas, and answer, denying all material averments of the bill, alleging also a waiver of mechanic's lien and a failure to comply with the conditions of the escrow as to notes and mortgage, and setting up the bankruptcy of Owen as appellee, and demanding an election as to whether appellee would proceed upon the theory of a mechanic's lien or under the mortgages, and then set up all these defenses in a cross-bill, and sought a cancellation of the notes and mortgages and satisfaction of the mechanic's lien. A great number of witnesses were examined by both parties upon all these issues.

The cause, after long delay, was submitted for final decree upon the pleadings named and testimony noted. The chancellor on this hearing—McClure having disclaimed any interest in the subject-matter—decreed that appellee was entitled to relief, and ordered the register to state an account between appellant and appellee; that appellee, by virtue of the assignment of the notes and mortgages, acquired an equitable mortgage upon the lots of appellant, securing the following debts: The value. of the house thereon built by Owen for appellant, not to exceed the contract price $535.27, with interest from July 14, 1904, deducting therefrom $50 prepayment, with interest thereon from the date it was paid, and $134, the payment of judgment against garnishee,

with interest thereon from August 10, 1904. The register stated the account, and reported that the house was worth $535.27, calculated the interest on debt, and payments, judgments, etc., as directed, and reported a balance due appellee from appellant on this account, of $448.04.

The appellant filed some very general objections to the report of the register, which the chancellor very properly overruled on the hearing of the report. The chancellor by decree confirmed the report, rendering final decree in favor of the complainant for $448.04, the amount reported, with interest from the day it was reported, together with the cost of the proceeding, and directed that, if the decree was not paid within 60 days, the register advertise, as required by law, and sell, the lots mentioned for the payment of the amount of the decree. From this decree appellant appeals, assigning many grounds for reversal.

It is wholly unnecessary to discuss separately these various assignments of error, because many of them are not sufficiently insisted upon in brief or argument, and after a careful examination of the record we are firmly of the opinion that there is no revisable error therein— certainly none of which this appellant can complain.

There can be no doubt that there was equity in complainant's bill, and that he acquired an equitable lien upon the appellant's property. There was no decree against her as to the mechanic's lien, so she cannot complain as to the decree or rulings upon that question. The two remedies to enforce the mechanic's and equitable liens, under the bill and facts in this case, were not so different that the two liens could not be set up in the same bill, as they were. The relief sought in each was practically the same. Consequently the bill was not multifarious.—*Buckheit v. Decatur, etc., Co.,* 140 Ala.

216, 37 South. 75; *Wood v. Holly Mfg. Co.,* 100 Ala. 326, 13 South. 984, 46 Am. St. Rep. 56, and authorities cited; *Penny v. Miller,* 134 Ala. 598, 33 South. 668.

There can be no doubt that the assignment and transfer of these notes and mortgages above referred to, under both the averments and proof, showed at least an equitable mortgage or lien upon the property.—Authorities supra.

As to the amount of this debt found and decreed to be due, we do not think the appellant has just cause to complain. In the first place, it was for exactly what appellant, her husband, and her attorney, originally agreed to pay. It is true that the chancellor did not hold her strictly to the contract price, but required the register to ascertain what the house was reasonably worth, the market value thereof, not to exceed the contract price; and the register, we think, probably found it to be worth the contract price.

The appellant having accepted the house—conditionally, as she and her agents testified, and unconditionally, as appellee's evidence tended to show—having occupied it, used and enjoyed the same, and having answered and admitted in the garnishment proceeding that she owed Owen $693, and allowing, if not soliciting or eliciting, such judgment, and there being no evidence that she owed him anything, except for the house and the debt due McClure, and there being no evidence that she had paid any part of this, except the judgment against her for $134, the amount Owen owed the plaintiff in attachment, we do not think that there can be any error in the decree, which required her to pay $448.04. If there be any error, we think this record shows it to be in her favor, and against the appellee.

A judgment in appellant's favor in this case, under the pleadings and proof as shown by this record, would

be unconscionable, and could not be awarded by any court of conscience. While we have not discussed every question assigned as error, or argued, we have examined and studied all, and unhesitatingly affirm the decree of the chancellor.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.