(92 South. 412)

### GRACE v. MONTGOMERY. (7 Div. 245.)

(Supreme Court of Alabama. Feb. 2, 1922.)

**1. Mortgages ☞418—Junior mortgagee has no separate equity to compel foreclosure of senior mortgage.**

A junior mortgagee has no separate or independent equity to compel the foreclosure of a senior mortgage.

**2. Mortgages ☞417—Where bill seeks amount due on first overdue mortgage to remove obstacle to foreclosure of second mortgage, it contains equity.**

When a bill to foreclose a second mortgage seeks an accounting and discovery and the ascertainment of the amount due on the first mortgage to the end that the obstacle that it presents to the foreclosure of the second mortgage may be removed, it contains equity.

**3. Mortgages ☞594(5)—Holder of second mortgage entitled to redeem if overdue senior mortgage not foreclosed or not foreclosed within two years prior to filing bill.**

Holder of second mortgage is entitled to redeem, if the senior overdue mortgage has not been foreclosed, or if foreclosed within less than two years before his bill was filed, notwithstanding his special prayer to compel a foreclosure, as this relief, not being foreign to, or inconsistent with, the special relief sought, can be obtained under the general prayer, provided that he complies with the law as to tender, in case of statutory redemption, or offers to pay, in case of an equity of redemption.

**4. Mortgages ☞294—Mortgagee may foreclose by accepting deed from mortgagor either under terms of mortgage or in court of equity.**

A mortgagee may foreclose by accepting a deed from the mortgagor in lieu of a foreclosure by sale under terms of mortgage or by proceeding to do so in a court of equity, and, when this is done, the mortgagee and vendee in deed occupies a position similar to a purchaser at foreclosure sale.

**5. Mortgages ☞294—Deed from mortgagor to one having only part interest in mortgage held not a foreclosure.**

A deed by mortgagor cannot operate as a foreclosure when made to one who has only an interest in the mortgage as distinguished from the sole and entire ownership thereof.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Bill by M. B. Grace against W. H. Montgomery to redeem land or foreclose a second mortgage on the land. From a decree sustaining demurrers to the bill and also sustaining pleas 1 and 2, the complainant appeals. Reversed and remanded.

The facts seem to be that on August 12, 1915, W. H. Montgomery and wife executed a mortgage on certain lands in Clay county to W. A. Worthy and I. G. Lynch to secure an alleged indebtedness of $1,100 payable January 1, 1916, and this mortgage was duly recorded. On August 3, 1916, the same parties executed a mortgage covering the same lands to secure an indebtedness to M. B. Grace of $500, due January 1, 1917. On October 8, 1917, W. A. Worthy transferred and assigned his mortgage to C. J. Montgomery; the assignment being entered upon the margin of the record of the mortgage in the probate office of Clay county, signed by W. A. Worthy. On December 8, 1917, W. H. Montgomery and wife executed a warranty deed covering the land described in the mortgage, C. J. Montgomery being party to whom the deed was executed. There is also a contention that the amount mentioned in the first mortgage was greatly in excess of the debt really owed, and that Lynch had not conveyed his interest in the mortgage to any one. It was also alleged in the bill that complainant had demanded of each one of the parties formal foreclosure, or in the alternative had offered to pay the real indebtedness secured by the mortgage, all of which had been declined. The pleas held good are as follows:

"(1) Now comes C. J. Montgomery, one of the respondents in the foregoing entitled cause, and for plea to the complaint in said cause says: That W. H. Montgomery and his wife, L. E. Montgomery, executed a mortgage on the lands described in the complaint in this cause to W. A. Worthy on August 12, 1915, which mortgage was duly recorded in the office of the judge of probate of Clay county, Ala., on to wit, September 7, 1915, before the mortgage given by said W. H. Montgomery to M. B. Grace was executed, and that the said mortgage was duly and legally transferred to C. J. Montgomery by said W. A. Worthy on October 8, 1917, for a valuable consideration, and notation of such transfer properly entered upon the margin on the record of said mortgage, and that on the, to wit, 8th day of December, 1917, the said W. H. Montgomery and wife, L. E. Montgomery, made and executed a warranty deed conveying to C. J. Montgomery the lands described in said mortgage and described in the complaint in this cause in lieu of foreclosure of said mortgage and in full satisfaction and settlement of said mortgage, which said deed was duly recorded in the office of the judge of probate of Clay county, Ala., on the 20th day of December, 1917, and since the execution of said deed, respondent C. J. Montgomery has owned and claimed and still owns and claims said land free of any right or claim by any other person. And respondent prays that he be dismissed and allowed to go hence, with his reasonable cost in this behalf expended.

"(2) For further plea to the complaint in this cause, respondent, C. J. Montgomery, says: that on, to wit, December 8, 1917, he foreclosed the mortgage he held against the land described in this suit by receiving from W. H. Montgomery and wife, L. E. Montgomery, a deed conveying to him a full and complete fee-

simple title to the lands described, in lieu of formal foreclosure of said mortgage, and that said deed was duly recorded in the office of the judge of probate of Clay county, Ala., on the 20th day of December, 1917, and that more than two years have elapsed since the execution and recording of said deed before the filing of this suit; wherefore respondent says this suit is barred, and he should be allowed to go hence with his cost in this behalf incurred."

Grace & Simpson, of Birmingham, for appellant.

The bill was not subject to any of the demurrers interposed. 180 Ala. 70, 60 South. 166; 176 Ala. 381, 58 South. 283, 40 L. R. A. (N. S.) 129, Ann. Cas. 1915A, 714; 55 South. 500; 171 Ala. 603, 55 South. 120; 54 South. 165; 165 Ala. 206, 51 South. 744; 131 Ala. 554, 32 South. 612. Pleas 1 and 2 were insufficient. 180 Ala. 48, 60 South. 267; 172 Ala. 104, 55 South. 619; 180 Ala. 48, 60 South. 267; 172 Ala. 104, 55 South. 619; 25 Ala. 152; 62 Ala. 489; 155 Ala. 489, 46 South. 453; 79 Ala. 433; 77 Ala. 461; 65 Ala. 617; 169 Ala. 628, 53 South. 905; 132 Ala. 147, 31 South. 469. A junior mortgagee cannot redeem until there has been a valid foreclosure in strict accordance with the terms and conditions of the senior mortgage. 77 Ala. 515; 189 Ala. 204, 66 South. 149; 193 Ala. 258, 69 South. 110; 191 Ala. 104, 67 South. 668.

McKay & Crumpton, of Ashland, for appellees.

There was a valid foreclosure, which cut off all rights of subsequent mortgagee. 184 Ala. 208, 63 South. 973; 84 Ala. 309, 4 South. 170; 187 Ala. 314, 65 South. 774. The right of the junior mortgagor was lost, because of his failure to file his bill in time. Section 5746, Code 1907.

ANDERSON, C. J. [1] A junior mortgagee has no separate or independent equity to compel the foreclosure of a senior mortgage. Lehman v. Gunn, 124 Ala. 213, 27 South. 475, 51 L. R. A. 112, 82 Am. St. Rep. 159; Ware v. Hamilton Shoe Co., 92 Ala. 145, 9 South. 136; Kelly v. Longshore, 78 Ala. 203. The case of Davis v. Cook, 65 Ala. 617, has been, in effect, overruled on this point by the cases supra.

[2] But when the bill seeks an accounting and discovery and the ascertainment of the amount due on the mortgage to the end that the obstacle that it presented to the foreclosure of the second mortgage might be removed as the court might direct, it contains equity. Penny v. Miller, 134 Ala. 593, 33 South. 668, and cases there cited.

[3] Moreover, under the facts disclosed by the bill the complainant would be entitled to redeem if the senior mortgage has not been foreclosed, or if foreclosed within less than two years before the bill was filed, notwithstanding the special prayer is to compel a foreclosure, as this relief, not being foreign to or inconsistent with the special relief sought, can be obtained under the general prayer, provided, of course, the complainant complies with the law as to tender, in case of statutory redemption, or offers to pay, in case of an equity of redemption—a point not raised by any of the grounds of demurrer interposed. As we understand the bill it sets up a mortgage from W. H. Montgomery to Worthy and Lynch and an assignment from Worthy, not joined in by Lynch, so far as the record disclosed, to C. J. Montgomery, and also the execution of a warranty deed from Worthy to C. J. Montgomery. It may be that the bill intended to aver that the deed was from W. H. Montgomery to C. J. Montgomery, instead of from Worthy, which may be surmised from the respondent's pleas, but a careful consideration of paragraph 6 of the bill discloses that it avers that the deed mentioned is from Worthy to C. J. Montgomery, and not from W. H. Montgomery. Therefore the bill does not show a foreclosure of the Worthy and Lynch mortgage by a conveyance from the mortgagor to the sole owner of the mortgage; or, if the deed in question was from the mortgagor to C. J. Montgomery, then the bill, in effect, denies the fact that C. J. Montgomery was at the time the sole owner of the mortgage, as it negatives the assignment of Lynch's interest in said mortgage.

Worthy was at least a proper, if not necessary, party. Nor was the bill bad for not making Northern a party thereto. While it mentions the fact that he had a prior mortgage, it expressly avers that the same had been fully paid.

[4] It is undoubtedly the law that a mortgagee may foreclose his mortgage by accepting a deed from the mortgagor in lieu of a foreclosure by sale under the terms of the mortgage, or by proceeding to do so in a court of equity. Farrow v. Sturdivant Bank, 184 Ala. 208, 63 South. 973; Stoutz v. Rouse, 84 Ala. 309, 4 South. 170. And when such is the case, the mortgagee and vendee to the deed occupies a position similar to a purchaser at a foreclosure sale. Dennis v. McIntire, 187 Ala. 314, 65 South. 774.

[5] This being true, it would seem that a junior mortgagee would have to proceed within two years to redeem, after receiving notice, actual or constructive, of such contractual foreclosure. Such a deed, however, cannot operate as a foreclosure when made to one who has only an interest in the mortgage as distinguished from the sole or entire ownership of same.

The respondent's pleas 1 and 2 would be a good defense to the complainant's bill but for the fact that they fail to take account of, or to traverse, that averment to the effect that the mortgage was made to Worthy and Lynch jointly, and that C. J. Montgomery

never received an assignment of the interest of said Lynch before the execution to him of the deed set up as a foreclosure of the mortgage. If C. J. Montgomery owned the entire mortgage when the deed was made to him, and which was recorded two years before the bill was filed, the complainant cannot now get a mortgage foreclosed that had already been foreclosed and as one to redeem; whether as to the statutory or equitable right, it comes too late. On the other hand, if the mortgage was made to Worthy and Lynch jointly, and C. J. Montgomery had assigned to him only the 'interest of Worthy, as charged in the bill, then the deed from the mortgagor to him could not and did not operate as a foreclosure so as to cut this complainant off from the right to maintain the present bill.

The trial court erred in sustaining the demurrer to the bill and in holding pleas 1 and 2 sufficient, and the decree is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.