(96 South. 430)

### GRACE v. MONTGOMERY et al.
### (7 Div. 361.)

(Supreme Court of Alabama. May 3, 1923.)

**1. Mortgages ⬯294—Deed from mortgagor to assignees of senior mortgagee held binding as between parties.**

Where a mortgagor of land deeded the premises to the assignees of a senior mortgagee, which deed was in lieu of foreclosure, the transaction, when free from fraud or oppression, was binding as between the parties.

**2. Mortgages ⬯296—Junior mortgagee's right to redeem cannot be affected by private agreement between mortgagor and senior mortgagee.**

The rights of a junior mortgagee for the exercise of the equity of redemption conveyed to him by virtue of his mortgage, and of which the senior mortgagee has notice, cannot be affected by any private arrangement or agreement between the mortgagor and senior mortgagee.

**3. Mortgages ⬯294—Assignee of senior mortgagee taking deed from mortgagor in lieu of foreclosure held bound by record notice of junior mortgage.**

Where a junior mortgage of land is on record, the assignee of the senior mortgagee is bound by notice of the junior mortgage, when he takes a deed from the mortgagor in lieu of foreclosure.

**4. Mortgages ⬯599(1)—Redemption by second mortgagee held not barred, although sought two years after execution of deed by mortgagor to senior mortgagee in lieu of foreclosure.**

A suit to redeem land or to foreclose a second mortgage thereon was not barred because brought over two years after the mortgagor had deeded the land in lieu of foreclosure to the assignee of the senior mortgagee; any arrangement between the mortgagor and the senior mortgagee's assignee being inoperative to cut off the junior mortgagee's rights.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Bill of M. B. Grace against W. H. Montgomery and others, to foreclose a second mortgage on land, etc. From a decree for respondents, complainant appeals. Reversed and remanded.

Pleas A and B, interposed by the respondents, are as follows:

"A. Now come the respondents in the above-entitled cause and for plea to the original bill in said cause say: That W. H. Montgomery and his wife, L. E. Montgomery, executed a mortgage on the lands described in the original bill in this cause to W. A. Worthy and I. G. Lynch on August 12, 1915, which mortgage was duly recorded in the office of the judge of probate of Clay county, Ala., on to wit, September 7, 1915, before the mortgage given by W. H. Montgomery and L. E. Montgomery to M. B. Grace was executed; that on, to wit, October 8, 1917, W. A. Worthy, one of the mortgagees in the aforesaid mortgage, for valuable consideration, transferred and assigned his interest in and to said mortgage and in and to the lands described in said mortgage to C. J. Montgomery and notation of such transfer was made upon the margin of the record of such mortgage; that on, to wit, October 25, 1917, I. G. Lynch, the remaining mortgagee in said mortgage, for valuable consideration transferred and assigned his interest in and to said mortgage and in and to the lands described in said mortgage to the said C. J. Montgomery; and respondents aver that by reason of the aforesaid assignments by the said W. A. Worthy and I. G. Lynch of their respective interests in and to the said mortgage executed by W. H. Montgomery and L. E. Montgomery to the said W. A. Worthy and I. G. Lynch, to the said C. J. Montgomery that the said C. J. Montgomery became and was the owner of the entire interest in said mortgage, and that neither the said W. A. Worthy nor the said I. G. Lynch owned or claimed any further right to or interest in said mortgage. Respondents further aver that on, to wit, December 8, 1917, the said W. H. Montgomery and wife, L. E. Montgomery, made and executed a warranty deed conveying to the said C. J. Montgomery the lands described in said mortgage, and described in the original bill in this cause, in lieu of foreclosure of said mortgage and in full satisfaction and settlement of said mortgage and of the debt secured by said mortgage, which said deed was duly filed for record in the probate office of Clay county, Ala., on the 20th day of December, 1917, and since the execution of said deed the respondent C. J. Montgomery has owned and claimed and still owns and claims said land free of any right or claim by any other person. And respondents pray that they be dismissed and allowed to go hence with their costs in this behalf expended.

"B. For further plea to the original bill in this cause respondents adopt all of plea A down to and including the following words of averment, 'the said C. J. Montgomery became and was the owner of the entire interest in said mortgage and that neither the said W. A. Worthy nor the said I. G. Lynch owned or claimed any further right to or interest in said mortgage,' and add thereto as the remainder of

this plea the following words of averment: That on, to wit, December 8, 1917, the said C. J. Montgomery foreclosed the aforesaid mortgage by accepting a deed from the mortgagors, W. H. Montgomery and L. E. Montgomery, conveying to him a full and complete fee-simple title to the lands described in said mortgage, and which are the lands described in the original bill, in lieu of formal foreclosure of said mortgage by a sale under the terms of said mortgage or by a proceeding to foreclose in a court of equity; and that said deed was duly filed for record in the probate office of Clay county, Ala., on the 20th day of December, 1917, and that more than two years have elapsed since the execution and recording of said deed before the filing of this suit; wherefore, respondents say this suit is barred, and they should be allowed to go hence with their costs in this behalf incurred."

Grace & Simpson, of Birmingham, for appellant.

A deed in lieu of foreclosure, to be binding on a junior mortgagee must recite that it is in lieu of formal foreclosure, or the junior mortgagee must have notice thereof, active or constructive interest within two years. Holden v. Rison, 77 Ala. 515; Leith v. Galloway Coal Co., 189 Ala. 204, 66 South. 149, Stockdale v. Cooper, 193 Ala. 258, 69 South. 110; Morrison v. Formby, 191 Ala. 104, 67 South. 669; Grace v. Montgomery, 207 Ala. 188, 92 South. 412; Drake v. Rhodes, 155 Ala. 498, 46 South. 769, 130 Am. St. Rep. 62; Sawyers v. Baker, 77 Ala. 461. Pleas A and B are insufficient. Ohio Ins. Co. v. Ledyard, 8 Ala. 871; Richards v. Steiner Bros., 166 Ala. 353, 52 South. 200; Code 1907, § 3383; Harris v. Hanchey, 192 Ala. 179, 68 South. 276.

A. L. Crumpton, of Ashland, for appellees.

The right of a junior mortgagee to redeem lands sold under a senior mortgage is lost, unless the bill to redeem is filed within two years after foreclosure. Code 1907, § 5746. A mortgagee may take a deed in lieu of formal foreclosure, and conveyance by the mortgagor, to the mortgagee or his assignee, in satisfaction of the debt, cuts off the right of subsequent mortgagees. Grace v. Montgomery, 207 Ala. 188, 92 South. 415; Farrow v. Sturdivant Bank, 184 Ala. 208, 63 South. 973; Stoutz v. Rouse, 84 Ala. 309, 4 South. 170; Dennis v. McEntire, 187 Ala. 314, 65 South. 774.

GARDNER, J. Upon the former appeal in this cause (Grace v. Montgomery, 207 Ala. 188, 92 South. 412), the bill filed by this appellant was held sufficient as against any objection interposed thereto as one by a junior mortgagee seeking redemption from the senior mortgage. The respondents' pleas 1 and 2 were held insufficient as a defense, and upon remandment of the cause the respondents filed pleas A and B as a defense. The trial court held these pleas sufficient and the

proof establishing the averments thereof, denied relief to the complainant, and dismissed the bill. From this decree the complainant has prosecuted this appeal; and the important question presented is as to the sufficiency of pleas A and B.

The bill discloses that the mortgage to complainant was executed by W. H. Montgomery and wife on August 3, 1916, payable January 1, 1917, and duly recorded on September 23, 1916. The pleas disclose that W. H. Montgomery and wife executed on August 12, 1915, a mortgage upon the same property to W. A. Worthy and I. G. Lynch, which was duly recorded September 7, 1915, and that on October 8, 1917, W. A. Worthy, one of the mortgagees, transferred and assigned his interest in the mortgage and the lands therein described to respondent C. J. Montgomery, which transfer was entered on the margin of the record, and on October 25, 1917, I. G. Lynch, the remaining mortgagee, also transferred and assigned his interest in the mortgage and lands to said C. J. Montgomery, and that by reason of these assignments the said C. J. Montgomery became the owner of the entire interest in the mortgage. The pleas further disclose that on December 8, 1917, W. H. Montgomery and wife, the mortgagors, executed a warranty deed conveying to the said C. J. Montgomery the lands described in the mortgage in lieu of foreclosure thereof, and in settlement of said mortgage indebtedness. This deed was duly recorded on December 20, 1917, and since the execution thereof C. J. Montgomery has claimed to own the land.

Plea B has the additional averment that, more than two years having elapsed since the execution and recordation of the deed, this suit by the complainant is barred.

[1] The defense here sought to be interposed as against the right of this complainant, as junior mortgagee, to redeem, rests upon the execution of the deed by the mortgagors W. H. Montgomery and wife to the assignees of the senior mortgagees; this deed being in lieu of foreclosure. As between the mortgagor and the assignees of the senior mortgagees, the transaction being free from fraud or oppression is held to be binding between the parties, and such conveyances have been upheld by numerous decisions of this court. Stoutz v. Rouse, 84 Ala. 309, 4 South. 170; Farrow v. Studivant Bank, 184 Ala. 208, 63 South. 973; Grace v. Montgomery, supra.

The mortgage, however, was not foreclosed either under power of sale or by decree of the court; the agreement between the mortgagor and mortgagees resulting in the execution of the deed being merely in lieu of foreclosure. Therefore there does not arise the question as to the statutory right of redemption so far as this complainant is concerned.

[2] The rights of the junior mortgagee for the exercise of the equity of redemption conveyed to him by virtue of his mortgage, and of which the senior mortgagee had notice, cannot be affected by the private arrangement or agreement entered into between the mortgagor and senior mortgagee.

"A subsequent mortgagee is presumed to have acquired his interest with reference to the existing liens as they appear of record, and his rights cannot be prejudiced by private arrangement between the parties." 2 Jones on Mortgages (7th Ed.) § 730.

See, also, Id. § 732; Alexander v. Welch, 10 Ill. App. 181; Bunker v. Barron, 93 Me. 87, 44 Atl. 372; Whittacre v. Fuller, 5 Minn. 508 (Gil. 401); Rogers v. Herron, 92 Ill. 583; 11 Am. & Eng. Ency. of Law (2d Ed.) p. 220; 27 Cyc. pp. 1376–1378.

[3] At the time of the execution of the deed of W. H. Montgomery and wife to C. J. Montgomery, which is alleged in the pleas to have been in lieu of the foreclosure thereof (the deed itself appearing upon its face to be a warranty deed without reference to the mortgage), complainant's mortgage was on record, and when the said C. J. Montgomery took this deed he was by law driven to the record, and was bound by the notice which the record afforded as to complainant's mortgage.

Speaking to a similar question, the Illinois Court of Appeals in Alexander v. Welch, 10 Ill. App. 186, said:

"So long as he claims under his first mortgage only, the record of subsequent conveyances is not constructive notice to him. He is not bound to search the record from time to time for other incumbrances; only subsequent purchases and incumbrances are charged with notice by the statute. But when the mortgagee, or a third person, afterward takes a deed or mortgage on a part of the same property described in the first mortgage, he is driven to the record, and is as to such conveyance a subsequent purchaser or incumbrancer, and is bound by the notice which the record affords at that time."

The principle of these authorities was recognized by this court in Rothschild v. Bay City Lbr. Co., 139 Ala. 571, 36 South. 785. That portion of the opinion pertinent to the question here under consideration is epitomized in the third headnote as follows:

"A junior mortgagee, having taken a mortgage upon the growing trees standing on land, after the mortgagor had executed a mortgage to all of such land, having an interest in the land by reason of the equity of redemption in the trees, acquired from the mortgagor, may maintain a bill against a prior mortgagee to redeem from under his mortgage; and this right of redemption is not affected or prejudiced by the fact that the mortgagor, after the execution of the second mortgage, executed a deed proper to convey all of the lands to the senior mortgagee."

[4] It was there also held that this right was not dependent upon a private agreement

between the mortgagor and the senior mortgagee, purporting to provide for a redemption or purchase by the mortgagor within two years from the execution of the deed, and that this agreement did not operate as a limitation of time for the assertion of the right of redemption claimed under the bill. The bill in that case was filed more than two years from the execution of the deed from the mortgagor to the senior mortgagee, and a review of the facts as set forth in the report of that case in connection with the opinion is persuasive that it is decisive of the instant case contrary to the contention of the appellees.

We have therefore reached the conclusion that the pleas did not establish a complete defense as against the right of this complainant to exercise the equity of redemption as a junior mortgagee, and that the court below incorrectly decreed.

The decision upon the sufficiency of pleas 1 and 2 upon the former appeal was correct, but the dictum of the court, speaking to a view of an amendment to these pleas upon remandment of the cause, was erroneous, and is disapproved, and the former opinion to this extent is modified.

The decree of the court below will be reversed and the cause remanded.

Reversed and remanded.

All the Justices concur, except THOMAS, J., not sitting.