(106 So. 601)

## ALLEN et al. v. EVANS.    (4 Div. 218.)

(Supreme Court of Alabama.    Dec. 17, 1925.)

**1. Mortgages** ⊖⇒594(2) — **Judgment creditor may redeem from prior mortgage.**

Judgment creditor with a lien has right to redeem from mortgage to which lien is subordinate.

**2. Mortgages** ⊖⇒616—**Averment that judgment lien creditor had tendered amount due on prior mortgage is not material in bill for ascertainment of amount due on mortgage.**

In judgment creditor's bill to redeem from prior mortgage, averment that plaintiff had tendered or offered payment before bill was filed or excuse for failure to do so was material only as it affected question of costs, and was not essential to equity of bill.

**3. Mortgages** ⊖⇒616—**Bill held to aver ownership of real estate in judgment debtor at time of recovery of judgment.**

Averments in bill by judgment creditor to redeem from prior mortgage, that debtor was owner of property at time of executing mortgage and owned no other property, in connection with presumption as to continuance of ownership, *held* sufficient as averment of ownership on date of recovery of judgment.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill in equity by E. A. Evans against Bristow Allen and the Dothan National Bank. From a decree on demurrer, respondents appeal.    Affirmed.

Lee & Tompkins, of Dothan, for appellants.

A subsequent judgment creditor may not maintain a bill to foreclose a senior mortgage. Kelly v. Longshore, 78 Ala. 203; Grace v. Montgomery, 207 Ala. 188, 92 So. 412; U. S. Fid. & Guar. Co. v. Singleton, 206 Ala. 437, 90 So. 296.

O. S. Lewis, of Dothan, for appellee.

The purpose of the bill is to redeem from the senior lienholder, to be subrogated to its rights, and to have the property sold thereunder and the liens satisfied. It is not subject to the demurrer. Kelly v. Longshore, 78 Ala. 203.

GARDNER, J.    The bill in this cause, filed by appellee against appellants, discloses that the complainant is a judgment creditor of respondent Bristow Allen, with a lien, which lien, however, is subordinate to the mortgage executed by said Allen to respondent Dothan National Bank.    As pointed out by the learned chancellor in his opinion which accompanies the decree, the bill is not one seeking an enforced foreclosure of the senior mortgage, or a sale of the property for the application of the proceeds first to the payment of the mortgage debt and the excess in satisfaction of complainant's lien.    Relief of this character to junior incumbrancers has been denied in numerous decisions.    United States Fidelity & Guaranty Co. v. Singleton, 206 Ala. 437, 90 So. 296, and authorities there cited.    "His remedy is to redeem the land from the senior incumbrance, and then proceed to enforce his lien upon the land for his reimbursement of the redemption money, and the satisfaction of his own demand."    Mims v. Cobbs, 110 Ala. 577, 18 So. 309.

The complainant here has brought his case within the influence of this principle and has pursued the course pointed out as correct in Kelly v. Longshore, 78 Ala. 203, expressed in the headnote as follows:

"A subsequent judgment creditor of the mortgagor, having acquired a lien on the equity of redemption, by placing an execution on his judgment in the hands of the sheriff, may redeem from the mortgagee or his assignee, and then foreclose the mortgage, not only for the payment of the mortgage debt, but also for the payment of his unsatisfied judgment."

[1] The bill prays an accounting for the ascertainment of the amount due on the mortgage debt of respondent Dothan National Bank, and offers to pay the same.    The right of the judgment creditor with a lien to redeem from this senior incumbrance is recognized in Kelly v. Longshore, supra, and by the authorities generally.    27 Cyc. 1826.

[2] It is insisted this bill is defective in failing to aver that complainant had tendered or offered payment before the bill was filed or any excuse for failing to do so.    As to the exercise of the equity of redemption, complainant stands upon the same grounds as would the mortgagor himself, and our decisions are to the effect that such averment is material only as it affects the question of costs.    It is not an averment essential to the equity of the bill.    McGuire v. Van Pelt, 55 Ala. 344; Thomas v. Jones, 84 Ala. 302, 4 So. 270; Hodges v. Verner, 100 Ala. 612, 13 So. 679; 27 Cyc. 1830.

The case of Grace v. Montgomery, 207 Ala. 188, 92 So. 412, cited by counsel, recognized the right of the junior incumbrancer to redeem, and on second appeal in that cause it was held that the exercise of that right, of which the senior mortgagee had notice, could not be affected by any private arrangement entered into between the mortgagor and the senior mortgagee.    Grace v. Montgomery, 209 Ala. 386, 96 So. 430.

In United States Fidelity & Guaranty Co. v. Singleton, supra, no redemption was sought from the senior mortgage in the original bill, and it was held that such mortgagee was improperly brought into the case without its consent, and that the conditional offer to pay off such incumbrances as may be decreed prior to complainant's lien, brought

into the case by amendment, did not suffice to meet the defect as pointed out by the demurrer. The soundness of that case, so far as the question here involved is concerned, rests upon the proper construction and effect of the amendment, and does not militate against the conclusion here reached.

[3] The bill specifically avers that respondent Allen was the owner of the property at the time of the execution of the mortgage to the Dothan National Bank, and it is further averred that this was "all the real and personal property owned by the said Bristow Allen." These averments, considered in connection with the rule of presumption as to the continuance of ownership (16 Cyc. 1054; Jones v. Sims, 6 Port. 138), are sufficient as against the objection urged that the bill fails to specifically aver such ownership on the date of the recovery of the judgment. This is the only assignment of demurrer insisted upon separately by respondent Allen.

We are of the opinion the demurrers of each respondent were properly overruled, and the decree to that effect will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.